United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) ) ) ) ) ) Civil Action No. 20-24681-Civ-Scola ) ) ) ) |

### Amended[1] Omnibus Order on the Lawyer Defendants' Motions to Dismiss

Plaintiffs Bluegreen Vacations Unlimited and Bluegreen Vacations Corporation (collectively "Bluegreen") filed this action against Defendants Timeshare Lawyers, Carlsbad Law Group, LLP, Gallagher-Clifton, LLC, MG&N Group, LLC, Yuge Internet Marketing, LLC, Bigly Internet Marketing, LLC, Bigly Internet Marketing, LLC, VCF Enterprises, LLC, Rich Folk, William Wilson, JL Slattery, Patrick Thompson, Padriac Deighan, Patrick Stewart, Angela Consalvo, and David J. Crader. (ECF No. 1.)

Bluegreen, a company in the business of selling timeshare interests in Florida, brings this action against the Defendants for damages resulting from the Defendants' participation in a scheme to induce Bluegreen timeshare owners to breach timeshare contracts. Defendants Timeshare Lawyers, Gallagher-Clifton, Carlsbad Law, Thompson, Deighan, Stewart, and Slattery (the "Lawyer Defendants") filed separate motions to dismiss the complaint for failure to satisfy the heightened pleading requirements of Rule 9(b). (ECF Nos. 8, 48, 51, 52, 56.)[2] Defendants Deighan and Thompson also argue that the complaint should be dismissed because Bluegreen failed to pierce the corporate veil. (ECF Nos. 48, 51, 52.) Because the motions raise similar arguments, the Court will address all motions in this order. After careful consideration, Defendants Carlsbad Law, Slattery, Timeshare Lawyers, and Thompson's

---

[1] This order amends its predecessor to the extent it grants in part and denies in part Defendant Deighan's motion to dismiss for insufficient service, quashes service of process, and allows Bluegreen to re-attempt to serve Deighan. Additionally, because the Court is not dismissing the claims against Deighan and affording Bluegreen leave to perfect service, the Court will address Deighan's remaining arguments in his motion to dismiss.

[2] The Defendants in this case, who are represented by different counsel, were served at different times and raise similar claims. The Court will address the motions in separate orders. On August 11, 2021, the Court entered its first order on the Marketing Defendants motion to dismiss. (ECF No. 95.) To the extent that they are relevant, the Court's rulings in that order are adopted here.

motions to dismiss are **denied (ECF Nos. 8, 48, 51, 52, 56)** and Defendant Deighan's motion to dismiss is **granted in part and denied in part. (ECF No. 48)**.

### 1. Background[3]

This action involves an alleged scheme by all named Defendants to offer Bluegreen timeshare owners a way to get out of their contracts. Individual timeshare owners purchase timeshare interests through Bluegreen and enter into purchase agreements. (ECF No. 1 at ¶ 58.) If an owner obtains financing for their purchase, the Bluegreen timeshare owner also executes a promissory note. (*Id.*) The purchase agreement and promissory note control the benefits and obligations of timeshare ownership and establish a legal relationship between Bluegreen and the timeshare owners. (*Id.*)

The Defendants are not parties to the timeshare contracts between Bluegreen and timeshare owners. (*Id.* ¶ 59.) The Defendants, however, allegedly participate in an unlawful scheme to induce Bluegreen owners to breach their timeshare contracts through nonpayment. (*Id.*)

The scheme is comprised of four components: the Marketing Defendants (TSC, VCF, Wilson, and Folk), the Third-Party Advertiser Defendants (Yuge Internet Marketing, LLC, Bigly Internet Marketing, LLC, and David J. Crade, the Lawyer Defendants (Timeshare Lawyers, Gallagher-Clifton, Carlsbad Law, Thompson, Deighan, Stewart, and Slattery); and the Credit Repair Defendants (MG&N Consulting, LLC and Angela Consalvo).

The Marketing Defendants falsely advertise timeshare exit services by promoting a legitimate process to exit timeshare contracts. (*Id.* at ¶ 53.) However, the process is not legitimate and instead induces Bluegreen owners to breach their timeshare contracts through nonpayment. (*Id.* at ¶ 54.) The Marketing Defendants charge thousands of dollars to help Bluegreen owners breach the timeshare contracts. (*Id.* at ¶ 57.) The Marketing Defendants advertise their services on the Third-Party Marketing Defendants' websites that rate various timeshare exit companies. Those websites are intended to direct Bluegreen owners to the Marketing Defendants. The Marketing Defendants also employ telephone sales tactics, during which case analysts make false statements to timeshare owners regarding the legality of their services. (*Id.* at ¶ 135.)

The Lawyer Defendants, in exchange for a fee, execute a letter directed to Bluegreen that is intended to "cut off any communication between Bluegreen

---

[3] This Background section is adopted from Court's earlier order on the Marketing Defendants' motion to dismiss. (ECF No. 85.)

and the Bluegreen timeshare owners, and constitutes the entirety of the 'service' the Lawyer Defendants perform." (*Id.* at ¶ 33.) Lastly, the Credit Repair Defendants manipulate the timeshare owners' credit reports and remove negative trade lines related to the timeshare owner's default on the timeshare contracts. (*Id.* at ¶ 44.) Additionally, they also file false police reports claiming identify theft on behalf of timeshare owners to discourage credit bureaus from reporting negative information. (*Id.* at ¶ 45.)

Bluegreen initiated this action against the Defendants alleging claims of false advertisement and contributory false advertisement in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), tortious interference with contractual relations, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), and civil conspiracy to commit tortious interference. (ECF No. 1.)

## 2. Legal Standards

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), abrogated on other grounds by *Mohamad v. Palestian Authority*, 132 S. Ct. 1702 (2012).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)). In reviewing the complaint, the court must do so in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir.

2004) (citation omitted); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

### 3. Analysis

The complaint alleges several claims against the Lawyer Defendants. In Count III, Bluegreen alleges that the Lawyer Defendants participated in contributory false advertising in violation of the Lanham Act. In Count V, the complaint alleges that the Lawyer Defendants tortiously interfered with Bluegreen's timeshare contracts by representing that the Marketing Defendants' scheme was legal. The complaint alleges a violation of FDUPTA in Count VI and Count VII alleges that the Lawyer Defendants participated in a civil conspiracy with the remaining Defendants.

All motions argue that Bluegreen's complaint fails to satisfy the pleading requirements of Rule 9(b). The Court adopts its earlier ruling that Rule 9(b)'s heightened pleading requirements do not apply to Bluegreen's claims for false advertising under the Lanham Act, FDUPTA, and state law tortious interference claims. (ECF No. 95.) Accordingly, all of the motions are denied on this ground. The Court turns to each group of Defendants' remaining arguments.

### A. Defendants Carlsbad Law and JL Slattery

Carlsbad Law and JL Slattery summarily argue in their motions to dismiss that Counts III, V, VI, and VII should be dismissed because the complaint lumps the Lawyer Defendants such that is impossible for Carlsbad Law and Slattery to know what facts give rise to Bluegreen's claims. (ECF No. 8 at 4.) The Court disagrees.

The complaint alleges that Carlsbad Law is a limited liability partnership organized under the laws of California. (ECF No. 1 at ¶ 68.) Slattery, a citizen of California, is the managing partner of Carlsbad Law. (*Id.* at ¶ 69.)  Carlsbad Law and Slattery "purport to represent Bluegreen owners located in Florida, have contracted with Bluegreen owners located in Florida, …have conspired with the Marketing Defendants to falsely solicit Bluegreen owners and other consumers located in Florida…." (*Id.* at ¶ 83.) The complaint claims that the Lawyer Defendants, including Carlsbad Law and Slattery, have agreed to participate in the fraudulent scheme and negotiated a fee-sharing agreement with them. (*Id.* at ¶¶ 142, 143.) The complaint explains that the Lawyer Defendants "role in the scheme is to create the appearance that the exorbitant fees charged by the Marketing Defendants is due to the value of the legal services provided," even though the Lawyer Defendants perform minimal work

and receive a minimal fee.

In general, a shotgun pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x. 658, 662 (11th Cir. 2019). This is not the case here. Although the complaint includes several joint allegations against all of the Lawyer Defendants, as indicated above the complaint alleges facts specific to each of the Lawyer Defendants. The mere fact that the Lawyer Defendants are grouped together, alone, is insufficient to dismiss the complaint as a shotgun pleading. Bluegreen is alleging that all of the Defendants, including the Lawyer Defendants, worked together to interfere with Bluegreen's contracts with the timeshare owners. Thus, it is proper that some of the Counts to be against all of the Defendants or a group of Defendants. *Wyndham Vacation Ownership, Inc. v. Clapp Bus. L., LLC*, 411 F. Supp. 3d 1310, 1316 (M.D. Fla. 2019) (denying shotgun pleading argument in timeshare exit case).

Carlsbad Law and Slattery also argue that the Court should order Bluegreen to file a more definite statement. Under Rule 12(e) of the Federal Rules of Civil Procedure, "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Since courts have liberally construed the pleading standard under Rule 8(a), a short and plain statement will be enough, unless upon motion it is shown that the pleading is so ambiguous that a party cannot reasonably respond." *Bluegreen Vacations Unlimited, Inc. v. Timeshare Termination Team*, LLC, No. 20-CV-25318, 2021 WL 1177481, at *1 (S.D. Fla. Mar. 29, 2021) (Bloom, J.) (internal citations omitted). "The purpose of the pleading standards under [Federal Rule of Civil Procedure] 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." *Icon Health & Fitness, Inc., v. IFITNESS, Inc.*, No. 12-20125, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (internal quotations and citations omitted).

The complaint provides adequate notice and includes sufficient detail to Carlsbad Law and Slattery to understand and defend against the claims in the complaint. *Bluegreen Vacations*, 2021 WL 1177481, at *2. Carlsbad Law and Slattery also argue that the complaint is overly vague because it doesn't identify the specific timeshare owners they purportedly helped induce or what timeshare contracts were breached because of the scheme. However, specific contract identification is unnecessary at this stage. *Hilton Resorts Corp. v. Sussman*, No. 19CV305ORL40DCI 9CV305ORL40DCI, 2019 WL 2717164, at

*4 (M.D. Fla. June 28, 2019). For these reasons, Carlsbad Law and Slattery's motion to dismiss is **denied**. **(ECF No. 8.)**

### B. Timeshare Lawyers

Timeshare Lawyers likewise argue that the complaint should be dismissed because the complaint fails to allege how Timeshare Lawyers participated in the fraudulent scheme and that upon their own investigation, it does not appear that they are handling any Bluegreen cases referred by any of the other defendants. (ECF No. 56 at 4.) The questions of whether Timeshare Lawyers actually worked on any Bluegreen timeshare exit cases (or how many) and who referred those cases are not dispositive at this pleading stage.

The complaint alleges that as part of their scheme, the Marketing Defendants and Third-Party Marketing Defendants refer Bluegreen timeshare owners to Timeshare Lawyers and other Lawyer Defendants. (ECF No. 1 at ¶ 83.) Timeshare Lawyers agree to accept a small flat fee in exchange for accepting the Marketing Defendants' customers, including Bluegreen owners (*Id.* at ¶ 29.) The complaint claims that absent their participation, the Marketing Defendants' scheme would not appear to be legal and therefore not be successful in inducing timeshare owners. (*Id.* at ¶ 141.) The Lawyer Defendants send demand letters to Bluegreen advising it that the owners are going to terminate their timeshare contracts on unlawful grounds. (*Id.* at ¶ 272.) At this stage, the Court finds this to be sufficient and Timeshare Lawyer's motion to dismiss is **denied**. **(ECF No. 56.)**

### C. Patrick Thompson

Defendant Thompson is the principle of Timeshare Lawyers. He moves to dismiss the complaint because it fails to sufficiently allege that he participated in the scheme or what his specific misconduct was. However, the complaint alleged that like the other Lawyer Defendants, Thompson agreed to accept a small flat fee in exchange for accepting the Marketing Defendants' customers. (ECF No. 1 at ¶ 29.) The Lawyer Defendants, including Thompson, create the appearance that the Marketing Defendants' timeshare exit service is not only legal but worth the high fees they charge. (*Id.* at ¶ 145.) As noted above, the Lawyer Defendants sent letters to Bluegreen regarding the timeshare owner's termination of the contract. (*Id.* at ¶ 272.) As the Court explained above, at this stage and in light of the allegations in the complaint, it is not dispositive that the complaint, at times, groups the Lawyer Defendants. Their alleged participation in the scheme is clear from the complaint and puts Thompson on notice of the misconduct that gives rise to the claims against him. *Wyndham*

*Vacation*, 411 F. Supp. 3d at 1316-17.

Thompson also argues that all of the claims against him should be dismissed because Bluegreen failed to adequately allege veil piercing. This argument is unavailing. The corporate-shield doctrine does not defeat Bluegreen's claims because it seeks to hold all of the individual Lawyer Defendants personally liable as knowing participants in the Marketing Defendant's deceitful scheme. *Wyndham Vacation*, 411 F. Supp. 3d at 1317-18 ("Plaintiffs may inadequately plead a claim for piercing the corporate veil, but they are not seeking to hold Scroggs and Bowe liable on that theory. Instead, Plaintiffs seek to hold all individual Defendants personally liable as direct participants in the improper conduct."); *Louis Vuitton Mallatier, S.A. v. Mosseri*, 736 F.3d 1339, 1353 (11th Cir. 2013) ("Because Louis Vuitton alleges that Mosseri committed intentional torts, his corporate shield defense to personal jurisdiction fails under Florida law.").

### D. Padriac Deighan

Defendant Deighan, one of the Lawyer Defendants, moves to dismiss the complaint for several reasons. First, he argues that the complaint was improperly served. (ECF No. 48 at 2.) The process server's affidavit indicates that he served the complaint on a clerk named Olivia at the Trump Tower in Las Vegas, Nevada. (ECF No. 29.) The affidavit cites to Nevada Statute 14.090(1)(a), which provides that if a person resides in a place where access is not reasonably available except through a gate, and the guard denies access to the residence, that person may be lawfully served with any legal process by leaving a copy of the summonses and complaint with the guard. Deighan argues that service is improper under Nevada state law and under the Federal Rules of Civil Procedure. Deighan explains that Trump Tower is not his residence, instead it is a hotel that he sometimes stays at and it has more than 1,300 rooms. Deighan does not personally know Olivia and did not authorize her to receive service on his behalf. Deighan avers that he received the complaint one month before he filed his motion to dismiss.

Curiously, Bluegreen responds to Deighan's argument in a footnote in its response in opposition. It argues that Deighan's motion to dismiss is untimely because it was filed 89 days after the complaint was served on Olivia. (ECF No. 50 at 5.) The Court notes that Bluegreen does not dispute Deighan's argument that the Nevada statute is inapplicable because the place of service was a hotel and not a residence with a guard gate.

For a court to have personal jurisdiction over a defendant, there must be proper service of process. *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921 (11th

Cir. 2003) ("'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'") (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)); *see also Robinson v. Hogansville Police Dep't*, 159 Fed. Appx. 137, 138 (11th Cir. Dec. 15, 2005) (federal court is without jurisdiction over a defendant unless the defendant has been properly served). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Federal Rule of Civil Procedure 4(e)(1) allows for service of process pursuant to state law. *Delisfort v. U.S. Bank Tr., N.A. for LSF9 Master Participation Tr.*, No. CV 16-60730-CIV, 2016 WL 8729960, at *1 (S.D. Fla. July 15, 2016) (Scola, J.). The parties agree that Nevada law governs whether Deighan was properly served. Indeed, Bluegreen relies on the process server's affidavit that Deighan was served in Nevada pursuant to Nevada Statute 14.090(1)(a). *See* NRS § 14.090(1)(a) (if there is a guard posted at the gate of the residence and the guard denies access to the residence, service is effective upon leaving a copy with the guard).

The Court finds that Bluegreen has not properly served Defendant Deighan. As the service affidavit points out, the complaint was served on a receptionist at a hotel. This does not seem to be a permissible method of service under Nevada law. Nor does Bluegreen cite to any case law applying that statute to permit service in similar circumstances. *Kriston v. Peroulis*, No. CIVA09CV00909MSKMEH, 2010 WL 1268087, at *4 (D. Colo. Mar. 29, 2010) (Krieger, J.), *aff'd,* 500 F. App'x 744 (10th Cir. 2012) (finding improper service of defendant because "there are no factual allegations indicating that Mr. Accardi's residence had a gate with no guard and through which there was not reasonable manner of access such that section 14.090 is applicable."). There has been no showing that a hotel the Defendant sometimes stays at is his residence. Additionally, it is not clear from the affidavit or the Plaintiff's response in opposition why Mr. Deighan was served there as opposed to his permanent residence or his law office. There is also no indication what steps were taken to personally serve Mr. Deighan prior to dropping the complaint off with a hotel receptionist.

Although the Court finds that service of process on Defendant Deighan was improper, the Court will not dismiss the claims against Deighan. Deighan has not argued that he has been prejudiced and there is no indication that service cannot be perfected. Federal Rule of Civil Procedure 12(b)(5) permits the Court to quash service of process and require the Plaintiffs to re–attempt service. *Delisfort,* 2016 WL 8729960 at *2 (citing *Geer v. McGregor,* No. 10–cv–2219, 2011 WL 5508983, at *3 (D.S.C. Oct. 18, 2011) ("[W]hen there is no

prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service."); *Wilson v. Arizona Classic Auto*, No. 09-80344-CIV, 2009 WL 3762983, at *2 (S.D. Fla. Nov. 10, 2009) (Marra, J.) (granting in part motion to dismiss for insufficient service, quashing service, and order that the plaintiff attempt to re-serve the defendant within 90 days).

Defendant Deighan also argues that the complaint should be dismissed for failure to pierce the corporate veil. This argument is unavailing because the complaint claims that all of the individual Lawyer Defendants are personally liable as knowing participants in the Marketing Defendant's deceitful scheme. *Wyndham Vacation*, 411 F. Supp. 3d at 1317-18. As with the other Lawyer Defendants, the complaint alleges that Deighan negotiated a flat fee for each time share owner that attempted to unlawfully terminate their contract. (ECF No. 1 at ¶¶ 29, 143, 144.)

Lastly, Deighan argues that the complaint should be dismissed for failure to add indispensable parties Tim Clark and his company Tradebloc, Inc. Deighan argues that Tim Clark and Tradebloc provide the same services that Bluegreen accuses the Defendants of offering and has advanced an unfavorable affidavit regarding the Defendants' scheme. (ECF No. 48 at 7.)

To determine whether a court should dismiss an action for failure to join an indispensable party, courts must apply the criteria set forth in Federal Rule of Civil Procedure 19. *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.,* 669 F.2d 667, 669 (11th Cir.1982). The burden is on the moving parties to establish indispensability. *Ship Const. & Funding Servs. (USA), Inc. v. Star Cruises PLC*, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2001) (King, J.). The Eleventh Circuit employs a two-step approach when analyzing a motion to dismiss for failing to join a required party pursuant to Rule 19. First, the Court decides whether complete relief can be issued if the non-party is not joined. *City of Marietta v. CSX Transp. Inc.,* 196 F.3d 1300, 1305 (11th Cir.1999) (recognizing that the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations."). Second, the Court must decide whether joinder is feasible. *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386 at *2-3 (S.D. Fla. Aug. 7, 2009) (Zloch, J.). "If the absent party's joinder is not feasible—i.e., joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action—the court must consider if, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Raimbeault*

*v. Accurate Mach. & Tool, LLC,* 302 F.R.D. 675, 683 (S.D. Fla. 2014) (Bloom, J.). "Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party." *Mid–Continent Cas. Co.,* 2009 WL 2450386, at *2.

Deighan fails to show that Clark and Tradebloc are indispensable parties to this action. Deighan's argument appears to question why Bluegreen chose to sue the Defendants and not Clark and Tradebloc which advertise that "they can prevent developers from negatively impacting a timeshare owner's credit." (ECF No. 48 at 7.) Notably, Deighan does not argue that the nonparties aided in inducing any Bluegreen owners to breach their contracts and fails to connect the nonparties conduct to this action. Nor does his motion explain what the nonparties' interest would be in this litigation or why a judgment without the nonparties would prevent the parties in this action from receiving complete relief. *Devs. Sur. & Indem. Co. v. Harding Vill., Ltd.,* No. 06-21267-CIV, 2007 WL 465519, at *5 (S.D. Fla. Feb. 9, 2007) (Cooke, J.) (denying motion to dismiss for failure to join indispensable parties because the movant failed to show that adjudication of the case without the nonparties would affect the rights and liabilities of the nonparties and the parties to the case).

Moreover, even if Deighan argued that the nonparties were joint tortfeasors in the purported scheme, it is well settled that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Raimbeault*, 302 F.R.D. at 683; *Lyons v. O'Quinn*, 607 F. App'x 931, 934 (11th Cir. 2015) (reversing district court finding that a nonparty was indispensable because the district court departed from this Circuit's bright-line rule that "where joint tortfeasors may be jointly and severally liable, neither tortfeasor is an indispensable party."); *Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir.1970) ("Rule 19 … was not meant to unsettle the well-established authority to the effect that joint tortfeasors or coconspirators are not persons whose absence from a case will result in dismissal for non-joinder."). Further, if the parties were indispensable, dismissal on this ground is still unjustified at this juncture because Deighan did not argue that joinder of the nonparties is feasible. *Moreiras v. Scottsdale Ins. Co.,* No. 20-CV-21303, 2020 WL 2084851, at *3 (S.D. Fla. Apr. 30, 2020) (Bloom, J.); *Rodriguez v. GeoVera Speciality Ins. Co.*, No. 1:18-CV-23585-UU, 2018 WL 10435015, at *2 (S.D. Fla. Sept. 25, 2018) (Ungaro, J.) (denying motion to dismiss for failure to join where movant failed to demonstrate that indispensable party could not be joined to the action.).

For these reasons, the Court **grants in part and denies in part** Mr. Deighan's motion to dismiss. **(ECF No. 48.)**

### 4. Conclusion

For these reasons, Defendants Carlsbad Law, Slattery, Timeshare Lawyers, and Thompson's motions to dismiss are **denied (ECF Nos. 8, 48, 51, 52, 56)** and Defendant Deighan's motion to dismiss is **granted in part and denied in part (ECF No. 48).** The Court **quashes** the service of process on Deighan. Bluegreen must perfect service by **September 30, 2021**.

**Done and ordered** at Miami, Florida, on August 23, 2021.

_____
Robert N. Scola, Jr.
United States District Judge