United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 20-24681-Civ-Scola |
| Timeshare Lawyers P.A., and others, Defendants. | ) ) ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

The Court referred the Plaintiffs' motions to strike the Defendants' answers to their Complaint (ECF Nos. 106, 109, 115) to United States Magistrate Judge Jonathan Goodman. On January 10, 2022, Judge Goodman issued a report, recommending that the Court grant all motions. (R&R, ECF No. 123.) The only Defendants to respond to Judge Goodman's report and recommendation were Pandora Marketing LLC, Rich Folk, and William Wilson (the "Pandora Defendants"). Although they style that response to represent "qualified objections" to Judge Goodman's report (*see* ECF No. 124, 3), the Pandora Defendants do not actually disagree with any of Judge Goodman's findings.

They agree with his statements of law and instead ask the Court to adopt Judge Goodman's report with an acknowledgment that no liability as pled could be found "should Plaintiffs be unable to establish facts demonstrating specific direction or sanction of active cooperation in a positively wrongful act of commission or omission." (*Id.* 4) (cleaned up). They also ask that a "finding of no alter-ego theory of liability pled by the Plaintiffs against Messrs. Folk and Wilson be included." (*Id.*) Both inclusions are unnecessary. The first request is a restatement of the law Judge Goodman applies. (*See* R&R 7-9.) The second is a request to repeat a finding Judge Goodman affirmatively makes. (*See* R&R 9.)

The Court has considered Judge Goodman's report, the Pandora Defendants' objections, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendation (**ECF No. 123**). The Court **grants** the Plaintiffs' motions (**ECF Nos. 106, 109, 115**).

      As recommended by Judge Goodman, J.L. Sean Slattery and Carlsbad Law Group LLP (the "Carlsbad Defendants") may seek leave to file amended affirmative defenses in which they specify amended affirmative defenses that assert, per the terms laid out in Judge Goodman's report (*see* R&R 16, 18): (1) the state(s) relevant to their defense concerning void contracts and (2) the relation of the unclean hands doctrine to the matters alleged by the Plaintiffs.

      Additionally, Timeshare Lawyers P.A. and Patrick J. Thompson (the "Timeshare Lawyers Defendants") may seek leave to file amended affirmative defenses in which they specify amended affirmative defenses that assert, per the terms laid out in Judge Goodman's report (*see* R&R 16, 18, 25): (1) the state(s) relevant to their defense concerning void contracts; (2) the relation of the unclean hands doctrine to the matters alleged by the Plaintiffs; and (3) a statute of limitations defense.

      The Carlsbad Defendants and the Timeshare Lawyers Defendants must file any motion for leave to amended affirmative defenses, and attach as an exhibit to that motion their proposed amended affirmative defenses, no later May 24, 2022.

      **Done and ordered** in chambers at Miami, Florida, on March 29, 2022.

                                                        Robert N. Scola, Jr.
                                                        United States District Judge