United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) ) ) ) ) ) Civil Action No. 20-24681-Civ-Scola ) ) ) ) |

### Order Continuing Trial

      This matter is before the Court on the Plaintiffs Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc.'s (collectively, "Bluegreen") expedited motion for pretrial conference or, in the alternative, to continue trial. (ECF No. 391.) The Defendants Pandora Marketing, LLC, Rick Folk, and William Wilson (collectively, the "Marketing Defendants") and the Defendants Carlsbad Law Group, LLP and J.L. Slattery (collectively, the "Lawyer Defendants") filed their respective responses (ECF Nos. 396, 397), and Bluegreen filed a reply (ECF No. 398). After consideration of the briefs and the relevant legal authorities, Bluegreen's motion is **granted in part and denied in part**. (**ECF No. 391**.)

      In the motion, Bluegreen informs that Court that on January 11, 2023, and entity known as Pandora Servicing, LLC ("Pandora Servicing") filed Chapter 11 bankruptcy in the United States Bankruptcy Court of the Central District of California, Case No. 8:23-bk-10051-SC (the "Bankruptcy Case"), triggering the automatic stay imposed against creditors immediately after a bankruptcy case is filed. Pandora Servicing is not a party to the instant dispute. However, in the motion, Bluegreen expresses serious concern that Pandora Servicing may be so closely related to the Defendant Pandora Marketing, LLC ("Pandora Marketing") that this case is also impacted by the automatic stay. Specifically, based on the actions and statements of Pandora Servicing's agents and representatives in the Bankruptcy Case and in the related case of *Wyndham Vacation Ownership, Inc., et al. v. Slattery Sobel & Dekamp, LLP, et al.*, Case No. 6:19-cv-01908-WWBEJK, which is pending in the Middle District of Florida and where an order has been entered staying all claims pending resolution of the Bankruptcy Case (the "*Wyndham* Litigation"), Bluegreen is concerned that Pandora Marketing may either already be subject to the automatic stay or be impacted by it in the near future.

The Marketing Defendants responded in opposition to Bluegreen's requested relief, essentially representing that, because Pandora Servicing is not a party to this case, there is no issue with continuing as before. For their part, the Lawyer Defendants, who have no involvement in the Bankruptcy Case, represented that they would oppose a continuance of trial for longer than 30 days, unless the Court finds it necessary, and have no objection to holding a pretrial conference.

11 U.S.C. § 362(a)(1) automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case . . . , or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case[.]" It is well settled that the automatic stay of § 362 generally applies only to the debtor, and may only be extended to non-debtors in unusual circumstances, such as when an action against a nondebtor "would inevitably have an adverse impact upon the property of the [debtor's] estate." *See In re TradeWinds Airlines, Inc.*, 21 Fla. L. Weekly Fed. B 638 (U.S. Bankr. S.D. Fla. 2009); *see also Grp. 10 Holdings, LLC v. Ross*, Civil Action No. 16-22152-Civ-Scola, 2017 U.S. Dist. LEXIS 53163, at *2 (S.D. Fla. Apr. 5, 2017) (Scola, J.) ("[T]he automatic stay applies to non-debtor co-defendants in unusual circumstances, such as when an indemnification relationship creates an identity of interest between the debtor and a non-debtor co-defendant.").

Furthermore, there is authority from the Ninth Circuit, where the Bankruptcy Case is pending, that the automatic stay will not apply to nondebtor entities unless and until such relief is requested from the bankruptcy court. *See, e.g., Rosen v. Urban Commons*, LLC, No. SA CV 20-01973-JLS (DFMx), 2021 U.S. Dist. LEXIS 144239, at *6 (C.D. Cal. July 23, 2021) ("[T]he Ninth Circuit has suggested that the non-debtor invoking the applicability of the stay must raise the issue with the bankruptcy court, so that the bankruptcy court can extend the stay to the non-debtor, if appropriate.") (cleaned up); *Ripon Self Storage, LLC v. Exch. Bank (In re Ripon Self Storage, LLC)*, Nos. EC-10-1325-HKiD, EC-10-1326-HKiD, 2011 Bankr. LEXIS 1785, at *18-19 (B.A.P. 9th Cir. Apr. 1, 2011) ("[T]he Ninth Circuit has held that 'although referred to as extensions of the automatic stay,' it is in fact an injunction issued by the bankruptcy court after a hearing where it is established that unusual circumstances are needed to protect the administration of the bankruptcy estate.").

Here, it is undisputed that the Defendant Pandora Marketing is not a party to the Bankruptcy Case and that the automatic stay has not yet been extended to it. However, there are significant reasons to question whether that

will remain the case for much longer. Bluegreen has presented ample evidence that Pandora Marketing is likely to be pulled into the Bankruptcy Case in the immediate future. For example, during a meeting of creditors held in the Bankruptcy Case on February 3, 2023, Mr. Folk, who was appearing as Pandora Servicing's representative and is one of Pandora Marketing's principals, testified that the two entities are "one and the same," have the "same trustee" and "same ownership," and that they are "requesting a stay for all of the entities." (Tr. Bankruptcy Proceeding 7:20, 10:6-7, 82:11-12, ECF No. 391-2.) Indeed, in the *Wyndham* Litigation, where Pandora Servicing is a defendant along with the Marketing Defendants here, it was the Marketing Defendants that moved the court for the order staying the proceedings as to themselves. (*See Wyndham* Litigation, ECF No. 1002.) Critically, among the reasons given by the Marketing Defendants for the stay in the *Wyndham* Litigation was that "Pandora Servicing intends to seek an extension of the automatic stay to Pandora Marketing, Wilson, and Folk in the pending Bankruptcy Proceedings." (*Id.*)

In its response in opposition to Bluegreen's motion, the Marketing Defendants do not disclaim any of these statements or otherwise offer the Court reason to believe they no longer intend to seek an extension of the automatic stay. Why the Marketing Defendants have deemed it necessary to take such inconsistent positions in the *Wyndham* Litigation and here is beyond the Court. However, trial in this matter is currently scheduled for the two-week trial period beginning on April 10, 2023, and if it is not continued and the automatic stay is indeed extended to the Marketing Defendants, the parties and Court will likely have spent significant resources preparing unnecessarily. In addition, pending in the Bankruptcy Case is a motion to dismiss the bankruptcy proceedings that is scheduled for a hearing on April 20, 2023, which might also resolve any potential issue relating to an extension of the automatic stay. Thus, the Court concludes that trial in this case should be continued for at least an initial, brief period while the status of the Bankruptcy Case and, in particular, the Marketing Defendants' position therein, is clarified.

Accordingly, in the interests of economy of time and effort for itself, for counsel, and for the litigants, it is hereby **ordered and adjudged** that:

1. Trial is continued to the two-week trial period beginning on **May 8, 2023**. Calendar call will be held at 9:00 a.m. on the preceding Tuesday, **May 2, 2023**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida.
2. To the extent Bluegreen deems it necessary to seek relief itself in the Bankruptcy Court to determine the applicability of the automatic stay to the Marketing Defendants, the Court strongly encourages it to do so.

3. The Court also orders the parties to file **joint status reports** advising it of any significant developments in the bankruptcy proceedings impacting the Marketing Defendants. This includes, for example, a status report informing the Court of the outcome of the motion to dismiss pending therein. Failure to timely file a status report in compliance with this order may result in the immediate imposition of sanctions against counsel.
4. By **May 8, 2023**, the Court will determine whether it is necessary to continue trial for an initial period or whether trial should move forward as to all, or only some, of the Defendants.

**Done and ordered** at Miami, Florida, on March 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge