United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-24681-Civ-Scola |

### Order Granting Motion to Strike

This matter is before the Court on the Plaintiffs Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc.'s (collectively, "Bluegreen") expedited motion to strike the Defendants' motions in limine. (ECF No. 394.) Only the Defendants Pandora Marketing, LLC, Rick Folk, and William Wilson (collectively, the "Marketing Defendants") filed a response (ECF No. 401), to which Bluegreen filed a reply (ECF No. 409). After consideration of the briefs and the relevant legal authorities, Bluegreen's motion is **granted**. (**ECF No. 394**.)

Bluegreen seeks to strike (ECF No. 387) the Defendants' joint motion in limine to exclude Plaintiffs' deposition designations and all other evidence from a different case and motion to require parties to combine all designated video deposition testimony into one single video per witness at trial and (ECF No. 388) the Marketing Defendants' motion in limine to exclude Plaintiffs' deposition designations of Jimmy Baskett (collectively, the "new motions"). In support, Bluegreen argues that the new motions are procedurally improper, in violation of this Court's orders, and prejudicial to Bluegreen. The Court agrees.

The Court's third amended scheduling order (ECF No. 227), as modified (ECF No. 342), limited each party to a single, twenty-page, motion in limine, to be filed by January 27, 2023. The order also specified that leave to exceed the page limitation would be granted upon a showing of good cause. On January 27, 2023, the Marketing Defendants filed a sixteen-page motion in limine, and the Defendants Carlsbad Law Group, LLP and J.L. Slattery (collectively, the "Lawyer Defendants") filed an eleven-page motion in limine, in conformance with the Court's order. (ECF Nos. 352, 358.)

On March 10, 2023, almost two months later and without seeking any leave from the Court, the Defendants filed the two new motions in dispute. These filings are clearly improper procedurally. Further, until challenged by Bluegreen, the Defendants offered no explanation for either their late filings or

for their violation of the scheduling order's page limitations. This alone is sufficient reason for the Court to strike the new motions. *See, e.g., Fisher v. Whitlock*, No. 18-15155-E, 2019 U.S. App. LEXIS 9762, at *2 (11th Cir. Apr. 2, 2019) ("[T]he district court did not abuse its discretion in exercising its inherent power to manage its docket to strike [the Plaintiff's] motion.") (citing *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (stating that a district court possesses the power to strike a pleading as part of its inherent authority to manage its own docket, enforce its orders, and ensure prompt disposition of legal actions)).

Now, in their response to Bluegreen's motion to strike, the Marketing Defendants argue for the first time that they have good cause for the new motions, that Bluegreen will not be prejudiced by them, and, alternatively, that they seek the Court's leave to permit the filings. However, none of the Marketing Defendants' arguments are compelling.

For one, both motions seek exclusion of testimony identified in Bluegreen's deposition designations. The Marketing Defendants argue that because the motions address materials appearing in Bluegreen's deposition designations, they could not have been filed been filed by the January 27, 2023, deadline. However, among other issues with this, the Marketing Defendants fail to explain why their objections to Bluegreen's deposition designations—which are obviously due after, and intended to be responsive to, those designations—are an inadequate medium for their purportedly new arguments.

Furthermore, the Marketing Defendants otherwise fail to offer a reason why they could not have addressed the issues raised in their new motions in their initial motions in limine. Indeed, to argue that Bluegreen will not be prejudiced by the new filings, the Marketing Defendants admit that many of the issues raised in the new motions were already discussed in their January 27th motion in limine, and that the new motions "merely expound on the issues raised in" their January 27th motion.

In sum, the Defendants' new motions are procedurally improper filings for which no good cause has been shown. Accordingly, the Court **grants** Bluegreen's motion to strike. (**ECF No. 394**.)

**Done and ordered** at Miami, Florida, on March 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge