United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-24681-Civ-Scola |

### Order on the Marketing Defendants' Motion for Reconsideration

This matter is before the Court on the Defendants Pandora Marketing, LLC, Rick Folk, and William Wilson's (collectively, the "Marketing Defendants") motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 451.) The Marketing Defendants move the Court for reconsideration of its omnibus order on motions for summary judgment, arguing that several of the Court's conclusions therein were based on errors of fact and/or law. After careful consideration of the Marketing Defendants' motion, the record, and the relevant legal authorities, the Court **denies** their request. (**ECF No. 451**.)

To begin, Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Thus, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (cleaned up). For these reasons, "reconsideration of a previous

order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up). Ultimately, "[t]he decision to alter or amend a judgment [under Rule 59(e)] is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

The Marketing Defendants argue that reconsideration is warranted as to at least five of the Court's holdings in its omnibus order on summary judgment, namely that:

(i) the Plaintiffs have suffered an injury-in-fact to support Article III standing;
(ii) the Marketing Defendants' conduct proximately caused at least some of the Bluegreen owners to breach their contracts;
(iii) the Marketing Defendants tortiously interfered with the contracts of fifteen deposed Bluegreen owners (without reaching a conclusion as to damages);
(iv) the Plaintiffs are entitled to injunctive relief on their claim pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"); and
(v) certain facts were not disputed by the Marketing Defendants.

As suggested by the comprehensive nature of this list, the Marketing Defendants are seeking nothing short of an opportunity to relitigate all the issues on which their summary judgment briefing was unsuccessful. To that end, the Marketing Defendants' motion is not based on the discovery of any previously unavailable evidence or on an intervening change in the law. Instead, the Marketing Defendants simply attempt to frame their disagreements with the Court's conclusions as evidence that the latter has committed clear errors of fact or law. However, this is insufficient to merit reconsideration.

Significantly, the Marketing Defendants all but admit that the purpose of their motion is to reargue the issues on which they were unsuccessful at summary judgment, as they state in no uncertain terms that "[t]he issues addressed in this motion were raised in the Defendants' summary judgment briefs." (Mot. 1 n.1, ECF No. 451.) Indeed, the Marketing Defendants then go on to point the Court to the specific sections of their summary judgment briefing in which all those issues have previously been addressed. (*See id.*) This is precisely the kind of misuse of the reconsideration device that Courts have consistently denounced. *See, e.g., Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 694 (S.D. Fla. 2013) (Scola, J.) ("The parties' arguments should not be moving targets, like clay pigeons, that the Court is forced to repeatedly chase after and shoot down. The reconsideration device is not

designed to permit losing parties to prop up arguments previously made or to inject new ones, nor to relieve a party of the consequences of its original, limited presentation." (cleaned up)).

Finally, because the Court finds that a hearing is unnecessary, the Marketing Defendants' request for oral argument on their motion is denied. *See* S.D. Fla. L.R. 7.1(b)(2) ("The Court in its discretion may grant or deny a hearing as requested, upon consideration of both the request and any response thereto by an opposing party.").

Accordingly, for the reasons set forth above, the Court **denies** the Marketing Defendants' motion for reconsideration. (**ECF No. 451**.)

**Done and ordered** in Miami, Florida, on May 12, 2023.

_____
Robert N. Scola, Jr.
United States District Judge