United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) ) ) ) ) ) ) ) ) ) Civil Action No. 20-24681-Civ-Scola |

**<u>Order on the Plaintiffs' Motion for a Bench Trial</u>**

This matter is before the Court on the Plaintiffs Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc.'s (collectively, "Bluegreen") motion for bench trial pursuant to Federal Rule of Civil Procedure 39. (ECF No. 439.) The Defendants Pandora Marketing, LLC, Rick Folk, and William Wilson and the Defendants Carlsbad Law Group, LLP and J.L. Slattery (collectively, the "Defendants") have responded jointly opposing Bluegreen's motion (ECF No. 448), and Bluegreen has replied (ECF No. 450). Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** Bluegreen's motion. (**ECF No. 439**.)

**1. Background**

The Court assumes the parties' familiarity with the general procedural and factual background of this case. As relevant here, the case was set for trial during the two-week period beginning on May 22, 2023. On May 5, 2023, shortly after this Court entered its omnibus order on the parties' cross-motions for summary judgment, Bluegreen filed a notice indicating its withdrawal of all requests for legal relief, and specifically monetary damages. (ECF No. 438.)

In the notice, Bluegreen states that it has chosen to proceed only with its requests for equitable relief, namely a permanent injunction (including a corrective advertising injunction) and disgorgement of the Defendants' profits, as well as an award of attorney's fees and costs. (*Id.*) Together with the notice, Bluegreen filed the motion for bench trial that is the subject of the instant order.

In the motion, Bluegreen suggests that its decision to withdraw all requests for legal relief is motivated by various factors, including this Court's conclusions in its summary judgment order and the unlikelihood that Bluegreen would be able to recover any monetary award against the

Defendants should it win damages at trial. Because its remaining requests for relief are wholly equitable in nature, Bluegreen argues, there remain no issues entitling the Defendants to a jury trial.

In response, the Defendants counter that regardless of whether Bluegreen requests any legal relief, the Court's summary judgment order left open legal issues which require a jury trial. In addition, a significant portion of the Defendants' opposition highlights what is perhaps best referred to as Bluegreen's persistent gamesmanship in this and related cases. Thus, the Defendants argue, a trial by jury is also mandated by equitable principles.

## 2. Legal Standard

Federal Rule of Civil Procedure 38 preserves "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute[.]" Fed. R. Civ. P. 38(a). Federal Rule of Civil Procedure 39(a) clarifies that, when a jury trial is demanded pursuant to Rule 38, the action must be tried by a jury "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment in turn provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. VII.

The issue of "whether a right to a jury trial exists [thus] turns on whether the claims were historically cognizable at law or considered equitable." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016) (citing *Phillips v. Kaplus*, 764 F.2d 807, 813 (11th Cir. 1985)). "For those claims which traditionally were cognizable at law, the right to a jury is generally preserved; for those claims which historically were considered equitable, no jury trial is mandated." *Id.* In other words, "[a] plaintiff is entitled to a jury trial in an action that is 'analogous' to a claim that would have been brought in the English law courts at common law, but not if the claims sounded in equity or admiralty." *Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1352 (11th Cir. 2019) (citing *Tull v. United States*, 481 U.S. 412, 417, 107 S. Ct. 1831, 95 L. Ed. 2d 365 (1987)).

Courts apply a two-prong test to determine whether the Seventh Amendment's guarantee applies to a particular claim:

> To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought. First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the

      remedy sought and determine whether it is legal or equitable in nature.

*Id.* (quoting *Tull*, 481 U.S. at 417-18). "The second prong -- the nature of the remedy -- is the '[m]ore important' consideration[.]" *Id.* (quoting *Curtis v. Loether*, 415 U.S. 189, 196, 94 S. Ct. 1005, 1009 (1974)).

### 3. Discussion

### A. Lanham Act Claims

      Bluegreen has notified the Court that it seeks only the equitable remedies of injunctive relief and disgorgement on its Lanham Act claims (Counts One and Three). In support of its request for a bench trial, Bluegreen points to *Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc.*, wherein the Eleventh Circuit held that a plaintiff in a trademark infringement suit under the Lanham Act is not entitled to a jury trial when it seeks only disgorgement of the defendant's profits in lieu of actual damages. 921 F.3d 1343, 1348 (11th Cir. 2019). The Defendants attempt to distinguish *Hard Candy*, arguing that "issues of a legal nature specific to" Bluegreen's Lanham Act claims in this case require a jury trial. (Resp. 6, EF No. 448.) However, the Court agrees with Bluegreen that *Hard Candy* is dispositive here.

      In *Hard Candy*, the plaintiff filed a complaint "claiming trademark infringement under § 32(a) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; and common law unfair competition." *Hard Candy, Ltd. Liab. Co.*, 921 F.3d at 1351. Like Bluegreen here, the plaintiff in *Hard Candy* initially sought both actual damages and equitable forms of relief, including an accounting and the disgorgement of the defendant's profits, and a permanent injunction. *Id.* Critically, also like Bluegreen, the plaintiff dropped its application for actual damages before trial, and the district court then struck the plaintiff's jury trial demand because all the remaining remedies were equitable in nature. *Id.*

      On appeal, the Eleventh Circuit noted from the outset that "injunctive relief is the quintessential form of equitable remedy; it does not entitle a plaintiff to a jury trial." *Id.* at 1353. Thus, the court applied the two-prong test outlined above to determine only "whether the Seventh Amendment right to trial by jury applies when a trademark plaintiff attempts to recover the profits the defendant made by selling the allegedly infringing goods." *Id.* at 1348. The court explained that the first prong of the test—the nature of the cause of action—was indeterminate because trademark actions were cognizable at both law and equity when the Seventh Amendment was ratified. *Id.* at 1359.

However, in applying the "more important second prong," the court concluded that "a claim for an accounting and disgorgement of profits under the Lanham Act is equitable in nature and, therefore, that the Seventh Amendment's guarantee of a jury trial does not apply." *Id.* at 1358–59.

  Here, neither party's briefing provides the Court with guidance on the first prong of the Seventh Amendment inquiry—*i.e.*, whether the nature of Bluegreen's claim for false advertising under the Lanham Act is analogous to a claim that would have been brought in the English law courts. The Defendants attempt to distinguish *Hard Candy* by arguing that not all Lanham Act cases are the same, and thus they indirectly touch on this aspect of the analysis. The Court agrees with the Defendants that, unlike *Hard Candy*, this case does not involve trademark infringement and unfair competition based on infringement, so that the Eleventh Circuit's conclusion as to the nature of those causes of action is inapplicable here. However, this is as far as the Defendants' argument goes, as they fail to provide any guidance on how a claim for false advertising would have been treated at the time of the Seventh Amendment's passing.

  In addition, the Court's own research reveals little to no authority on the point. And the courts that have addressed entitlement to a jury trial in the context of a false advertising claim under the Lanham Act have largely discounted the first prong of the analysis, finding the nature of the relief requested to be the determining factor. *See, e.g.*, *AstraZeneca LP v. TAP Pharm. Prods.*, 444 F. Supp. 2d 278, 287-88 (D. Del. 2006) (noting that "false advertising under the Lanham Act is a statutory tort, most similar to common law causes of action for false advertising and trademark infringement[,]" but ultimately concluding that "[i]n Lanham Act cases, courts have generally determined whether or not to grant a jury trial based on the relief sought"); *Sanijet Corp. v. Jacuzzi Inc.*, CIVIL ACTION NO. 3:01-CV-0897-P, 2002 U.S. Dist. LEXIS 2463, at *5-6 (N.D. Tex. Feb. 14, 2002) ("In this case, with Plaintiff seeking only injunctive relief, the focus on the nature of the remedy sought compels the conclusion that it is not fundamentally compensatory or legal in nature, and therefore Plaintiff has no right to a jury trial here.").

  In light of the foregoing, the Court finds *Hard Candy's* "conclusion that a claim for an accounting and disgorgement of profits under the Lanham Act is equitable in nature and, therefore, that the Seventh Amendment's guarantee of a jury trial does not apply" to be dispositive here. 921 F.3d at 1358. Although the Eleventh Circuit conducted its analysis in the context of a trademark infringement case, its analysis of the second prong was naturally focused only on the type of remedy being sought. Thus, with respect to that, "more important," aspect of the analysis, the Court can see no material distinction to

the circumstances here, where Bluegreen has similarly limited its requests for relief to only equitable remedies. *See id.* at 1359.

Accordingly, the Court concludes that the nature of the remedy sought here compels the conclusion that there is no right to a jury trial as to Bluegreen's Lanham Act claims.

### B. Tortious Interference and Civil Conspiracy Claims

As with its Lanham Act claims, Bluegreen has abandoned its requests for monetary damages on its claims for tortious interference (Count Five) and civil conspiracy to commit tortious interference (Count Seven), now seeking only the equitable remedy of injunctive relief. The Defendants provide authorities indicating that both causes of action traditionally were cognizable at law. Because the tortious interference and civil conspiracy claims require determination of issues that would have been tried to the jury at common law, the Defendants argue, Bluegreen is not entitled to a bench trial regardless of whether it has abandoned all requests for monetary damages. Bluegreen counters that the Defendants' argument once again ignores the second facet of the two-prong test on the applicability of the Seventh Amendment's jury trial guarantee. The nature of the relief sought here, Bluegreen insists, requires a determination that there is no right to a jury trial. The Court agrees.

The overwhelming authority on this issue holds that there is no right to a jury trial in suits seeking only injunctive relief, regardless of the nature of the underlying cause of action. The Supreme Court has stated in unequivocal terms that the Seventh Amendment does not apply in "suits seeking only injunctive relief[.]" *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 719, 119 S. Ct. 1624, 1643 (1999). In accordance with this, the Eleventh Circuit has likewise held that "a right to a jury trial does not exist for suits seeking only injunctive relief, which is purely equitable in nature." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1088 (11th Cir. 2016); *see also CBS Broad., Inc. v. EchoStar Communs. Corp.*, 450 F.3d 505, 517 n.25 (11th Cir. 2006) ("There is no right to a jury trial, however, when the plaintiffs seek purely equitable relief such as an injunction."); *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121-22 (11th Cir. 1991) ("Purely equitable claims, even those involving factual disputes, are matters to be resolved by the court rather than a jury.").

Significantly, courts have consistently applied this rule even in cases where the underlying cause of action is one that was traditionally cognizable at law. *See, e.g., Bos. Sci. Corp. v. Ruiz*, No. 05-21270-CIV-HUCK/SIMONTON, 2005 U.S. Dist. LEXIS 50833, at *3 (S.D. Fla. July 15, 2005) (Huck, J.) (compiling cases) ("Defendant attempts to distinguish this extensive line of authority solely in terms of the factual or statutory basis of the claims at issue

— for example, that *City of Monterey* involved a Section 1983 action rather than common law contract or tort claim. However, the same fundamental principle that there is no Seventh Amendment right to a jury in cases seeking only equitable relief overrides this factual distinction."); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) ("A suit seeking only equitable relief is not a suit at common law, regardless of the nature of the issues likely or even certain to arise in the case . . . most of which indeed might be legal[.]").[1]

Faced with the foregoing authorities, the only conclusion available to the Court is that Bluegreen's decision to seek only equitable relief disentitles the parties to a jury trial in this case.

### C. Principles of Equity

The Defendants also argue that various equitable considerations counsel trial by jury in this case. In short, the Defendants suggest that it has been Bluegreen's strategy all along to wait until the eve of trial to drop its requests for legal relief, to force the Defendants to expend their limited resources preparing for a jury trial and then disrupt their preparation by requesting a bench trial at the last minute. Unsurprisingly, Bluegreen argues that there are no equitable concerns which impede moving forward with a bench trial in this case. The Court agrees with Bluegreen that equity does not militate against proceeding with a bench trial.

To begin, the Eleventh Circuit has clearly stated that a late motion for a bench trial is not cause for its denial. "Rule 39(a)(2) contains no time limit for the filing of an objection to the demand for a jury trial." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1090 (11th Cir. 2016). In line with this, the Eleventh Circuit "has affirmed a district court's striking a jury demand 'days before trial' without any consideration of prejudice because no right to a jury existed where only equitable relief was sought." *Id.* (quoting *CBS Broad., Inc. v.*

---

[1] Indeed, in a concurring opinion in *City of Monterey v. Del Monte Dunes*, Justice Scalia explained the consequence of seeking purely equitable relief as follows:

> Before the merger of law and equity, a contested right would have to be established at law before relief could be obtained in equity. Thus, a suit in equity to enjoin an alleged nuisance could not be brought until a tort action at law established the right to relief. Since the merger of law and equity, any type of relief, including purely equitable relief, can be sought in a tort suit -- so that I can file a tort action seeking only an injunction against a nuisance. **If I should do so, the fact that I seek only equitable relief would disentitle me to a jury** -- but that would not render the nuisance suit any less a *tort* suit, so that if damages *were* sought a jury *would* be required.

526 U.S. 687, 726 n.1, 119 S. Ct. 1624, 1647 (1999) (cleaned up) (emphasis added).

*EchoStar Communs. Corp.*, 450 F.3d 505, 517 n.25 (11th Cir. 2006)). Here, trial was set to start over two weeks after Bluegreen's motion was filed, and a week after this order will be entered, thus giving the Defendants adequate time to readjust.

In addition, although the Defendants state that they will be severely prejudiced by a last-minute change from a jury trial to a bench trial, they fail to support this statement with concrete reasons. The Defendants reference the resources they have already spent preparing for a jury trial, including, for example, preparing witnesses to testify before a jury and preparing jury instructions. But the Defendants' mere expenditure of resources does not support a finding that the Defendants will be prejudiced by a switch to a bench trial. Moreover, the Defendants' general assertion that they have made case strategy decisions with an eye to presenting their case to a jury likewise fails to convince the Court that they will be damaged by the change.

Last, the Defendants accuse Bluegreen with engaging in a host of abusive litigation tactics. Although the Court gives serious consideration to the Defendants' grievances against Bluegreen, none of the Defendants' claimed wrongdoings are such that would prevent proceeding with a bench trial in this case where no right to a jury trial exists.

### D. Advisory Jury

Finally, at the end of their response, the Defendants highlight the Court's discretion to empanel an advisory jury under Federal Rule of Civil Procedure 39(c). However, other than pointing out this fact, the Defendants fail to explain why an advisory jury is necessary in this case, or even how an advisory jury would be helpful to the Court. As such, the Court denies the Defendants' request to empanel an advisory jury pursuant to Rule 39(c).

### 4. Conclusion

Accordingly, for the reasons stated above, the Court **grants** Bluegreen's motion for a bench trial. (**ECF No. 439**.)

**Done and ordered** in Miami, Florida, on May 16, 2023.

_____
Robert N. Scola, Jr.
United States District Judge