5 McCarthy on Trademarks and Unfair Competition § 30:59 (5th ed.)

McCarthy on Trademarks and Unfair Competition, Fifth Edition | June 2023 Update
J. Thomas McCarthy

Chapter 30. Remedies for Trademark Infringement and Unfair Competition

III. Monetary Recovery

B. Recovery of Defendant's Profits

# § 30:59. Accounting of defendant's profits—Introduction to the recovery of the infringer's profits

References

***The Origin: A Measure of the Plaintiff's Lost Sales in a Competitive Relationship***. An award of the trademark infringer's profits originated in the law as a way of compensating the plaintiff for sales lost to the infringer. [1] But of course, that logic holds only when the parties are in competition with each other.

Because of the difficulties of proving an actual diversion of sales, the courts often assumed or presumed that the infringer's profits consisted entirely of profits on sales that would have been made by plaintiff but for the infringing actions. [2] In competitive relationships, the courts continue to use this method of measuring plaintiff's losses. Where the parties are competitors, "[t]he defendants' profits … are a rough measure of the plaintiff's damages. Indeed, they are probably the best possible measure of damages available." [3] As the First Circuit observed, where the trademark owner cannot prove actual damages caused by the infringing conduct, recovery of an equitable share of the infringer's profits serves "as a 'rough measure' of the likely harm that the mark owner incurred …." [4]

***A Rough But Useful Measure of the Plaintiff's Loss***. The assumption that every sale by the infringer is a sale that would have been made by plaintiff but for the illegal acts is only an approximation. "The correspondence is clearly imperfect, however, since in most cases there is no reason to expect that every sale made by the defendant has been diverted from the plaintiff, or that the profit margins of the parties are necessarily the same." [5]

The courts find the accounting of profits remedy a rough, but reasonable measure of plaintiff's loss in competitive relationships. This is because as between the victim and the wrongdoer, the burden should be and is placed on the wrongdoer to prove, if it can, that some sales were not caused by the infringement, or would not have gone to the plaintiff or that the infringer is more efficient and has lower costs than the plaintiff. [6]

***Recovery of the Defendant's Profits is an Equitable and Discretionary Remedy***. Lanham Act § 35(a), 15 U.S.C.A. § 1117(a), explicitly states that Lanham Act monetary remedies, including profits, are "subject to the principles of equity." [7] It is important to remember that the remedy of an accounting of profits has its historic roots in equity jurisprudence, retaining a strong flavor of equitable discretion. [8] This means that an accounting of profits is never automatic and never a matter of right. [9] The courts

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works.
Exhibit 1

are careful to retain the right to withhold an award of profits if, in view of the overall facts and equities of the case, it is not appropriate. [9.50]

In weighing the equities of an infringer's conduct, a court may determine that an injunction against future acts of infringement or unfair competition grants complete justice, and refuse to require the defendant to account to plaintiff for the profits it made. As the Ninth Circuit stated picturesquely:

> But equity was sought. Equity has many reeds. A characteristic of it is that one may not get all of the reeds. One may get just enough relief to stop the evil where it is apparent no great damage was done to the complainant. [10]

***Proof of Actual Damage or Injury is Not a Predicate***. Especially when the parties are not in competition with each other, the inability of plaintiff to prove actual damages does not preclude an award of the infringer's profits. [11] For example, the Third Circuit held it was an abuse of discretion for the trial court to refuse to award profits gained as a result of contempt and disobedience of injunction. There was no need to prove actual damages if an award of profits was needed to deter infringement or defendant was unjustly enriched. [12]

***Non-Competitive Relationships: Unjust Enrichment and Deterrence***. In cases of noncompeting parties, the compensation for loss rationale is gone and the issue is whether an award of profits can be justified on the grounds of deterrence and prevention of unjust enrichment. Under the modern view, three rationales can support an award of defendant's profits in cases of trademark infringement, false advertising or unfair competition: (1) as a measure of plaintiff's damages; (2) if the infringer is unjustly enriched; or (3) if necessary to deter a willful infringer from doing so again. [13] Any one of these justifications, if sustained by the equities of the case, can support an award of the infringer's profits. [14]

As the Restatement observes: "The multiple rationales for an award of the defendant's profits complicate analysis of the applicable rules." [15]

***Causation Between Defendant's Profits and the Violation***. The Ninth Circuit held that the District Court erred in a false advertising case in denying a profits award because plaintiff had not adequately proven that defendant received a "financial benefit" from the violation. [16]

Westlaw. © 2023 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

## Footnotes

1 *See* § 30:64.

2 Restatement Third, Unfair Competition § 37, comment b.

3 Polo Fashions, Inc. v. Craftex, Inc., 816 F.2d 145, 149, 2 U.S.P.Q.2d 1444 (4th Cir. 1987). *See* St. Charles Mfg. Co. v. Mercer, 737 F.2d 891, 893, 221 U.S.P.Q. 681 (11th Cir. 1983) (Profits are generally limited to sales made by defendant to purchasers who would have purchased from plaintiff. Profits measured as lost sales by plaintiff to defendant is "an inappropriate measure." While defendant falsely advertised that its new homes would contain plaintiff's brand of kitchens, plaintiff did not lose any sales direct to home purchasers, only sales to defendant.).

4 Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 63, 88 U.S.P.Q.2d 1051 (1st Cir. 2008), cert. denied, 129 S. Ct. 1622, 173 L. Ed. 2d 996 (2009) (affirming award of $230,340 of the infringer's profits).

5 Restatement Third, Unfair Competition § 37, comment b.

6 *See* §§ 30:65 to 30:66.

7 Lanham act § 35(a), 15 U.S.C.A. § 1117(a). See Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161, 106 U.S.P.Q.2d 1169, 85 Fed. R. Serv. 3d 342 (10th Cir. 2013) ("[B]ecause disgorgement of profits is an equitable remedy, the district court must weigh 'principles of equity' before awarding disgorged profits."); Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 132-133, 112 U.S.P.Q.2d 1445 (2d Cir. 2014) (The remedy of an accounting of defendant's profits in a trademark infringement case is an equitable remedy.); Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059, 1075, 43 Media L. Rep. (BNA) 1397, 113 U.S.P.Q.2d 1883 (9th Cir. 2015), cert. denied, 136 S. Ct. 410, 193 L. Ed. 2d 317 (2015) ("An accounting of profits under [35 U.S.C.A.] § 1117(a) is not synonymous with an award of monetary damages: [a]n accounting for profits … is an equitable remedy subject to the principles of equity.") See Restatement Third, Unfair Competition § 37, comment f (1995) ("An accounting of profits remains an equitable remedy, subject to a balancing of the relative equities of the plaintiff, the defendant, and the public.").

8 Gucci America, Inc. v. Weixing Li, 768 F.3d 122, 132–133, 112 U.S.P.Q.2d 1445 (2d Cir. 2014) (The remedy of an accounting of defendant's profits in a trademark infringement case is an equitable remedy.).

9 *See*, e.g., Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 919, 223 U.S.P.Q. 982, 993 (Fed. Cir. 1984). ("An accounting [of profits], however, is not automatic, and may be denied at the discretion of the district court, where there has been no showing of fraud and defendant's innocent use stands unrefuted, or where as here 'careful examination of the record fails to reveal any specific evidence to the effect that [plaintiff] has lost substantial business and profits as a result of [defendant's] unfair competition.'"); BASF Corp. v. Old World Trading Co., Inc., 41 F.3d 1081, 1096, 1994-2 Trade Cas. (CCH) ¶ 70790 (7th Cir. 1994) ("Contrary to [plaintiff's] assertions that disgorgement of wrongful profits is the 'norm' in a Lanham Act case, disgorgement is most appropriate if damages are otherwise nominal." Where substantial damages are awarded, an additional recovery of the defendant's profits is not required by equity.); Bishop v. Equinox Intern. Corp., 154 F.3d 1220, 1222 (10th Cir. 1998) later proceedings, 256 F.3d 1050, 59 U.S.P.Q.2d 1481 (10th Cir. 2001) ("An accounting of profits is not automatically granted upon a showing of infringement. … Rather, the propriety of such relief is determined by equitable considerations."); Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 349, 65 U.S.P.Q.2d 1130, 54 Fed. R. Serv. 3d 220 (5th Cir. 2002) (Because the statute is explicit, "an award of the defendant's profits is not automatic." Profits were refused.).

9.50 Samuelson, Golden & Gergen, Recalibrating the Disgorgement Remedy In Intellectual Property Cases, 100 B.U. L. Rev. 1999, 2021 (2020) ("Classifying disgorgement as an equitable remedy is important for reasons beyond the absence of a right to a jury trial. It means that a court has the power to exercise equitable discretion in deciding whether to grant a disgorgement award at all and, if so, in what amount to set the award.").

10 Highway Cruisers of Cal., Inc. v. Security Industries, Inc., 374 F.2d 875, 876, 153 U.S.P.Q. 94 (9th Cir. 1967) (injunction granted, accounting of profits denied).

11 International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc., 80 F.3d 749, 753, 38 U.S.P.Q.2d 1369 (2d Cir. 1996); Bishop v. Equinox Intern. Corp., 154 F.3d 1220, 1222 (10th Cir. 1998) later proceedings, 256 F.3d 1050, 59 U.S.P.Q.2d 1481 (10th Cir. 2001) ("The district court

concluded, 'Plaintiff has not established entitlement to any actual damage[s] and is therefore not entitled to any portion of Defendant's profits.' … We agree that this is an erroneous statement of law." But it remains an "important factor."); Western Diversified Services, Inc. v. Hyundai Motor America, Inc., 427 F.3d 1269, 1272, 77 U.S.P.Q.2d 1132 (10th Cir. 2005) (Either actual damages or willful infringement can justify award of infringer's profits.); Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1161, 106 U.S.P.Q.2d 1169, 85 Fed. R. Serv. 3d 342 (10th Cir. 2013) (Both actual damages and willfulness were found and $574,000. in profits awarded.).

12 Marshak v. Treadwell, 595 F.3d 478, 495, 91 U.S.P.Q.2d 1289 (3d Cir. 2009) ("Treadwell did not need to establish actual damages to justify the imposition of an accounting of profits—she needed only to show that an accounting was necessary to deter infringement or that Marshak and his associates were unjustly enriched. We think Treadwell easily satisfies this standard.").

13 *See* discussion at § 30:64.

14 George Basch Co., Inc. v. Blue Coral, Inc., 968 F.2d 1532, 1537, 23 U.S.P.Q.2d 1351, 1356 (2d Cir. 1992) ("Courts have interpreted the rule to describe three categorically distinct rationales. *See* e.g., Cuisinarts, Inc. v. Robot-Coupe Intern. Corp., 580 F. Supp. 634, 637, 222 U.S.P.Q. 318 (S.D. N.Y. 1984) ('These justifications are stated in the disjunctive. Any one will do.')." If there is willful deceptiveness, the district court retains discretion to award profits under one of these rationales.); Marshak v. Treadwell, 595 F.3d 478, 495, 91 U.S.P.Q.2d 1289 (3d Cir. 2009) ("We have held that an accounting of an infringer's profits is available 'if the defendant is unjustly enriched, if the plaintiff has sustained damages, or if an accounting is necessary to deter infringement." … [W]e have emphasized the "or" in this construction-noting that because '[t]hese rationales are stated disjunctively; any one will do.'").

15 Restatement Third, Unfair Competition § 37, comment b ("This section recognizes that courts award an accounting of profits under numerous theories. In many cases it is unnecessary to adopt a specific theory since the consequences of the various rationales frequently overlap.").

16 Grasshopper House, LLC v. Clean and Sober Media, LLC, 2021 WL 3702243, *3 (9th Cir. 2021) (The district court found that defendant "undoubtedly profited from its Lanham Act violations." Court of Appeals said: "Having made this finding, the only remaining inquiry for the district court was the amount of disgorgement [of profits] that could be established to a reasonable certainty to which Plaintiff was 'entitled.'").

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.