IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BLUEGREEN VACATIONS UNLIMITED,
INC., et al.,

    Plaintiffs,

vs.

                                CASE NO: 1:20-cv-24681-RNS

TIMESHARE LAWYERS, P.A., et al.,

    Defendants.
_____/

**PANDORA MARKETING, LLC, RICH FOLK AND WILLIAM WILSON'S**
***UNOPPOSED* MOTION FOR LEAVE TO FILE UNDER SEAL**
**EXHIBITS 1-2 TO THE DECLARATION OF SCOTT GREY [ECF NO. 496-1] AND**
**EXHIBITS 1-44 TO THE DECLARATION OF SEAN SLATTERY [ECF NO. 496-2]**

    Defendants Pandora Marketing, LLC, Rich Folk and William Wilson (collectively "Pandora"), pursuant to Local Rule 5.4(b)(1), respectfully move this Honorable Court for an order granting it leave to file under seal:

    i)    The full Declaration of Scott Grey (ECF No. 496-1) (portions currently redacted);

    ii)    Exhibits 1-2 (currently redacted in their entirety) to the Declaration of Scott Grey (ECF No. 496-1);

    iii)    The full Declaration of Sean Slattery (ECF No. 496-2) (portions currently redacted);

    iv)    Exhibits 1-44 (currently redacted in their entirety) to the Declaration of Sean Slattery (ECF No. 496-2).

    Pandora further requests that the documents remain under seal until: 1) the conclusion of this litigation; or 2) this Court rescinds the confidential designation applied to these exhibits.

## BACKGROUND

    On July 21, 2023, Pandora filed the Declaration of Scott Grey (ECF No. 496-1). The testimony in the Grey Declaration includes the redaction of client names and Exhibits 1-2 are redacted in their entirety. Also on July 21, 2023, Pandora filed the Declaration of Sean Slattery

(ECF No. 496-2). The testimony in the Grey Declaration includes redactions of names and Exhibits 1-44 of the declaration have been redacted in their entirety.

Exhibits 1-2 of the Grey Declaration and Exhibits 1-40 of the Slattery Declaration are composite exhibits consisting of settlement agreements, releases, and other documents relating to Pandora clients and Bluegreen and Pandora clients and other timeshare developers. The documents include the names, addresses, telephone numbers, emails, social security numbers, and other personal information relating to these clients. In addition to personal client information, many of the documents consist of proprietary business records generated by Bluegreen and the other developers. Further, the testimony contained within the Grey and Slattery Declarations also contains the names (currently redacted) of Pandora clients and owners of timeshare developers, including Bluegreen.

Exhibits 41-44 to the Slattery Declaration is a composite exhibit consisting of awards entered in arbitrations between Diamond (a timeshare developer) and timeshare owners who are clients of both Pandora and former Defendant Carlsbad. Pursuant to the confidentiality provisions of the arbitration forums used in these arbitrations, AAA and JAMS, all filings in these arbitration proceedings are confidential. The documents also include the names, addresses, telephone numbers and other personal information relating to these clients.

Further, Pandora has designated the foregoing documents as confidential pursuant to the Confidentiality Agreement entered into by the parties. Pandora has no personal stake in these documents, and files this motion for purposes of protecting the rights of other parties, including the non-party Pandora clients/Bluegreen timeshare owners.

Lastly, this Court has previously granted motions by the parties to file similar documents under seal. *See* ECF Nos. 281, 284, 291, 338, 349, 476. In addition, Plaintiffs do not oppose this motion.

## ARGUMENT

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right of access includes the right to inspect and copy public records and documents. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). But "the right to inspect and copy judicial records is not absolute," *id.*, and "may be overcome by a showing of good cause, which requires 'balancing the asserted right of

access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007), quoting *Chicago Tribune*, 263 F.3d at 1309. The Court has "discretion to determine which portions of the record should be placed under seal," and "this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013), quoting *Nixon*, 435 U.S. at 597. In balancing the interest of the party seeking to seal court records and the public's right of access, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. A party's "privacy or proprietary interest in information" can "overcome[] the interest of the public in accessing the information." *Id.*

As set forth above, the testimony within the Grey and Slattery Declarations, Exhibits 1-2 to the Grey Declaration, Exhibits 1-40 to the Slattery Declaration contain personal information of Pandora clients and Bluegreen owners, as well as owners of other timeshare developers, including names, addresses, phone numbers, and social security numbers. Disclosure of such personal and proprietary information will potentially cause injury if made a part of the public record. Moreover, with respect to the client information, these third parties may suffer financial crimes or harm if their sensitive information is made public. Courts have held that such confidential information should be filed under seal. *See, e.g., Awareness Ave. Jewelry v. P'ship*, 2023 U.S. Dist. LEXIS 79209, at * 2 (MD Fla. 2023); *Local Access, LLC v. Peerless Network, Inc.*, 2022 U.S. Dist. LEXIS 223596, at *8 (MD Fla. 2022).

In addition, Exhibits 41-44 of the Slattery Declaration also contain awards entered in arbitrations between the timeshare developer Diamond and timeshare owners who are clients of both Pandora and former Defendant Carlsbad. Pursuant to the confidentiality provisions of the arbitration forums used in these arbitrations, AAA and JAMS, all filings in these arbitration proceedings are confidential. As such, it is appropriate to file these arbitration awards under seal. *See, e.g., Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 U.S. Dist. LEXIS 137682, 2015 WL 5915817, at *2 (M.D. Fla. 2015); *Barkley v. Pizza Hut of Am., Inc.*, 2015 U.S. Dist. LEXIS 137682, at *7 (M.D. Fla. 2015).

Further, filing the documents under seal will not impair the functions of the Court and a less onerous means to sealing the proposed sealed materials does not exist.

Finally, this Court has previously granted motions by the parties to file similar documents under seal containing personal information of third parties and proprietary information of the parties. *See* ECF No. 281, 284, 291, 338, 349, 476. In addition, Plaintiffs do not oppose this motion.

## CONCLUSION

Based upon the foregoing, Pandora respectfully requests that this Honorable Court enter an order granting Pandora leave to file under seal:

i) The full Declaration of Scott Grey (ECF No. 496-1) (portions currently redacted);

ii) Exhibits 1-2 (currently redacted in their entirety) to the Declaration of Scott Grey (ECF No. 496-1);

iii) The full Declaration of Sean Slattery (ECF No. 496-2) (portions currently redacted);

iv) Exhibits 1-44 (currently redacted in their entirety) to the Declaration of Sean Slattery (ECF No. 496-2).

Pandora further requests that the documents remain under seal until: 1) the conclusion of this litigation; or 2) this Court rescinds the confidential designation applied to these exhibits.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERAL

The undersigned hereby certifies that Pandora's counsel conferred with Plaintiffs' counsel on this motion, and Plaintiffs do not oppose this motion.

Date: July 21, 2023                                         Respectfully submitted,

*/s/ John Y. Benford*                                       */s/ Patrick A. Bradford*

John Y. Benford, Esq.                                       Patrick A. Bradford, Esq.
Florida Bar: 51950                                          (admitted *pro hac vice*)
Wilson Elser Moskowitz                                      Bradford Edwards & Varlack LLP
Edelman & Dicker LLP                                        12 East 49th Street, 11th Floor
111 North Orange Avenue Suite 1200                          New York, NY. 10017
Orlando, Florida 32801                                      Phone: (917) 671-9406

4

285122279v.1

| | |
|---|---|
| Phone: 407.203.7594<br>E-mail: john.benford@wilsonelser.com<br>*Attorneys for Pandora Marketing, LLC,*<br>*William Wilson, and Rich Folk* | E-mail: pbradford@bradfordedwards.com<br>*Attorneys for Pandora Marketing, LLC,*<br>*William Wilson, and Rich Folk* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2023, the foregoing document was filed using the CM/ECF system for the United States District Court, Southern District of Florida, which will send electronic notice of the foregoing to all counsel of record.

/s/ John Y. Benford
John Y. Benford, Esquire