United States District Court
for the
Southern District of Florida

| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, | ) ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 20-24681-Civ-Scola |
| Timeshare Lawyers P.A., and others, Defendants. | ) ) ) | |

### Fourth Partial Order on Objections to Deposition Designations and Counter-Designations

According to the parties' certification, the following witnesses will be presented via their depositions and will definitely not be testifying in person at the trial: Sharon Ballantyne, Gerald Barnett, Jimmy Baskett, Derrick Braswell, Nancy Braun, Rhonda Dixon, Jonnie Driver, Jordan Harding, John Hunt, Megan Ivy, Lynette King, Jeremy Lathrem, Ryan Mailhiot, Mitchell Marston, Tina Miller, Wayne Norland, Shirley Prosek, James Schupp, Joseph Tejchman, and Ashley Tilahun. After reviewing the transcripts and the parties' objections to various deposition designations, the Court issues the following fourth set of partial rulings:

**Rich Folk – August 28, 2020**
*Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.*
Case No.: 6:19-cv-01908-WWB-EJK

| Page(s) and Line(s) | Party Objecting | Objection | Ruling |
|---|---|---|---|
| All | Defendants | FRE 801 | O |
| All | Defendants | In violation of Confidentiality Agreement as deposition is designated CONFIDENTIAL. | O |
| P31 L8-14 | Defendants | FRE 401/402/403 Mr. Folk's testimony about acting on advice of counsel is irrelevant, and prejudicial. | O |

| P49 L6-8 | Plaintiffs | Irrelevant, FRE 401, 402 | O |
| P79 L24 – P80 L6 | Plaintiffs | Unresponsive, FRE 611(a) | O |
| P80 L17 – P81 L1 | Plaintiffs | Unresponsive, FRE 611(a) ORDER-1 | O |
| P95 L17 – P97 L5 | Defendants | FRE 401/402/403, 602. Mr. Folks testifies that he is not familiar with "tradeline blocking" and there are a series of questions about the subject. Further, there is no testimony in this case that "tradeline blocking" was used with any of the 218 loans in Bluegreen's damages pool. The line of questions is irrelevant, assumes facts not in evidence and prejudicial. | O |
| P97 L6-17 | Plaintiffs | Irrelevant, FRE 401, 402 | O |
| P97 L18-23 | Defendants | FRE 401/402/403, 602. Mr. Folks testifies that he is not familiar with "tradeline blocking" and there are a series of questions about the subject. Further, there is no testimony in this case that "tradeline blocking" was used with any of the 218 loans in Bluegreen's damages pool. The line of questions is irrelevant, assumes facts not in evidence and prejudicial. | O |
| P104 L15-16 | Defendants | FRE 401 Question without answer | O |
| P113 L23 – P114 L13 | Defendants | FRE 401/402 Mr. Folk testified that he acted as a salesman in 2016 when TSC first opened but has not done so for years. The testimony is | O |

2

| | | irrelevant where none of the owners of any of the 218 damages loans in this case spoke to Mr. Folk. | |
|---|---|---|---|
| P138 L1-6; 12-17 | Plaintiffs | Irrelevant, FRE 401, 402 | O |
| P141 L12-16 | Defendants | FRE 401/402 Mr. Folk's past history with Tim Clark is irrelevant to this case. | O |
| P158 L14 – P160 L10 | Plaintiffs | Unresponsive, FRE 611(a) ORDER-1 | O |
| P162 L4 – P163 L15 | Defendants | FRE 401/402/611(a)/611(c). Pandora's counsel objected to the question at 163:7-10 as Asked and Answered. Counsel for Plaintiffs' statement "Let me just stop you there because you're not—you're not going down the same path. I'm not asking about what you do to support the client. I'm asking a very specific question, which is: Other than an agreement with the developer to release the client from the obligation, by what other means are you obtaining a release? And by 'you,' I mean Timeshare Compliance?" 163:24-25 is a partial objection by counsel for Pandora and should not be put before the jury as irrelevant | O |
| P165 L6 – P169 L6 | Defendants | 164:8 to 165:4 FRE 401/402/611(a)/611(c). Plaintiffs' question: "I think that your clients | O |

3

| | | | |
|---|---|---|---|
| | | deserve an answer to this question which is: If the timeshare developer is not going to provide a release, what is it specifically that Timeshare Compliance does for these people to actually get them out?" Pandora's counsel objected to the question at 164:13-15. The question is inappropriate and the questions and answer should be excluded.<br><br>165:6 to 166:9 same objections as noted above.<br><br>166:10 to 167:4 same objections as noted above.<br><br>167:5 to 169:6 same objections as noted above. | |
| P175 L21-7 | Defendants | FRE 401/402/403 The timing of discovery productions is irrelevant to the case and prejudicial. | O |
| P199 L6-12 | Plaintiffs | Irrelevant, FRE 401, 402 Unduly Prejudicial, FRE 403 | O |
| P210 L12 – P212 L6 | Defendants | FRE401/402/403 questions about practices with times share developers other than Bluegreen is irrelevant | O |
| P213 L5 – P215 L18 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording are | O |

4

| | | | |
|---|---|---|---|
| | | irrelevant, lacks foundation, is confusing, and is unrelated to any owners in the case. | |
| P219 L18 – P220 L12 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording are irrelevant, lacks foundation, is confusing, and is unrelated to any owners in the case. | O |
| P228 L25 – P229 L19 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording are irrelevant, lacks foundation, is confusing, and is unrelated to any owners in the case. | O |
| P231 L15 – P232 L21 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording are irrelevant, lacks foundation, is confusing, and is unrelated to any owners in the case. | O |
| P235 L4 – P236 L13 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording in the Wyndham Litigation are irrelevant, lacks foundation, is confusing and is unrelated to any owners in the case. | O |
| P238 L23 – P241 L17 | Defendants | FRE 401/402/602/801 Questions based on a Wyndham client's sales audio recording in the Wyndham Litigation are irrelevant, lacks foundation, is confusing | O |

| | | and is unrelated to any owners in the case. | |
|---|---|---|---|
| P242 L7-21 | Defendants | FRE 401/402/602 Plaintiffs' counsel questions standard variations of his name as "aliases": The names are Rich Folk, Richard Barry Folk, and Barry Folk. | O |
| P244 L6-24 | Defendants | FRE 401/402 Testimony about Pandora's call recording systems is irrelevant. | O |

**Courtland Llauger – March 25, 2021 [Amended Designations Filed at ECF No. 393]**
*Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.*
Case No.: 6:19-cv-01908-WWB-EJK

| Page(s) and Line(s) | Party Objecting | Objection | Ruling |
|---|---|---|---|
| All | Defendants | FRE 801 | O |
| All | Defendants | Amended Designations Untimely | O |
| All | Defendants | In violation of Confidentiality Order as deposition is designated AEO. | O |

**Miranda McCroskey – July 21, 2021**
*Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.*
Case No.: 6:19-cv-01908-WWB-EJK

| Page(s) and Line(s) | Party Objecting | Objection | Ruling |
|---|---|---|---|
| All | Defendants | FRE 801 | O |
| P25 L9-14 | Plaintiffs | Irrelevant, FRE 401; 402 Bolstering, FRE 608 | O |
| P43 L12-22 | Defendants | Form – Compound question | O |
| P46 L11-16 | Defendants | Compound question | O |
| P66 L25 – P67 L2 | Defendants | Assumes facts not in evidence. Relevancy | O |
| P77 L2-4 | Defendants | Leading | O |

| P77 L13-15 | Defendants | Leading, calls for speculation | O |
|---|---|---|---|
| P77 L20-22 | Defendants | Calls for speculation | O |
| P80 L10-11 | Defendants | Relevancy | O |
| P80 L18-19 | Defendants | Relevancy | O |
| P77 L2-24 | Defendants | Relevancy | O |
| P80 L10-24 | Defendants | Relevancy | O |
| P82 L18 – P83 L16 | Defendants | Relevancy | O |
| P86 L11 – P87 L7 | Defendants | Relevancy | O |
| P87 L17 – P91 L13 | Defendants | Relevancy | O |
| P116 L6 – P118 L10 | Defendants | Relevancy | O |
| P118 L25 – P124 L8 | Defendants | Relevancy | O |
| P126 L14 – P127 L6 | Defendants | Relevancy | O |
| P134 L7-22 | Defendants | Relevancy | O |
| P141 L5 – P142 L17 | Defendants | Relevancy | O |
| P141 L22-24 | Defendants | Relevancy; calls for speculation | O |
| P141 L5 – P142 L17 | Defendants | Relevancy | O |
| P149 L21 – P150 L21 | Defendants | Relevancy | O |
| P154 L5-16 | Defendants | Relevancy | O |
| P187 L22-25 | Defendants | Relevancy | O |
| P200 L11-12 | Defendants | Leading; relevancy | O |
| P200 L14-17 | Defendants | Leading; relevancy | O |
| P201 L15-16 | Defendants | Leading; relevancy | S |
| P202 L5-8 | Defendants | Relevancy | O |
| P202 L9-19 | Defendants | Relevancy | O |
| P208 L2 | Defendants | Relevancy; calls for speculation | O |
| P208 L8 | Defendants | Relevancy | O |
| P208 L15-16 | Defendants | Relevancy | O |
| P224 L17-18 | Defendants | Duplicative; relevancy | O |
| P311 L24 – P312 L4 | Plaintiffs | Irrelevant, FRE 401; 402 | O |

| | | | |
|---|---|---|---|
| P312 L20 – P313 L6 | Plaintiffs | Irrelevant, FRE 401; 402 Hearsay, FRE 103(d);802 ORDER-1 | O |
| P313 L19 – P315 L5 | Plaintiffs | Irrelevant, FRE 401; 402 Hearsay, FRE 103(d);802 ORDER-1 | O |

**Done and ordered** in Miami, Florida, on August 23, 2023.

_____
Robert N. Scola, Jr.
United States District Judge