United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 20-24681-Civ-Scola |
| Timeshare Lawyers P.A., and others, Defendants. | ) ) ) | |

**Fifth Partial Order on Objections to
Deposition Designations and Counter-Designations**

According to the parties' certification, the following witnesses will be presented via their depositions and will definitely not be testifying in person at the trial: Sharon Ballantyne, Gerald Barnett, Jimmy Baskett, Derrick Braswell, Nancy Braun, Rhonda Dixon, Jonnie Driver, Jordan Harding, John Hunt, Megan Ivy, Lynette King, Jeremy Lathrem, Ryan Mailhiot, Mitchell Marston, Tina Miller, Wayne Norland, Shirley Prosek, James Schupp, Joseph Tejchman, and Ashley Tilahun. After reviewing the transcripts and the parties' objections to various deposition designations, the Court issues the following fifth set of partial rulings:

| **Kenneth Eddy – September 1, 2020** *Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.* Case No.: 6:19-cv-01908-WWB-EJK | | | |
|---|---|---|---|
| **Page(s) and Line(s)** | **Party Objecting** | **Objection** | **Ruling** |
| P24 L19-23 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P28 L10-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P29 L1-6; 24-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P31 L24-25 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P32 L1 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P35 L7-23 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P39 L2-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |

| | | Speculation/Lack of Personal Knowledge, FRE 602 | |
|---|---|---|---|
| P40 L1-5; 25 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P41 L1-16; 24-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P42 L1-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P43 L1-9; 19-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P44 L1-3 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P45 L23-25 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P46 L1-25 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P47 L1-19 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P51 L9-17 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P56 L13-16 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P57 L1-17 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | S |
| P63 L17-21 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P64 L1-4 | Plaintiffs | Incomplete Designation | O |
| P65 L7-14 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P74 L2-9 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P82 L4-19 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |

| P92 L15-19 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
|---|---|---|---|
| P102 L11-16 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P105 L1-5 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P108 L3-9; 18-25 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P109 L1-7 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P110 L15-25 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P111 L1-8 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P115 L18-25 | Plaintiffs | Irrelevant, FRE 401; 402 Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P116 L1-8 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P118 L6-16 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P119 L11-25 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P120 L2-4 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P133 L3-5 | Plaintiffs | Irrelevant, FRE 401; 402 | O |

**Kenneth Eddy – March 11, 2021**
*Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.*
Case No.: 6:19-cv-01908-WWB-EJK

| Page(s) and Line(s) | Party Objecting | Objection | Ruling |
|---|---|---|---|
| All | Defendants | FRE 801 | O |
| All | Defendants | FRCP 37(c)(1) for violation of FRCP 26(a)(1)(A) | O |
| P28 L15-18 | Defendants | FRE 402 – Irrelevant. Plaintiffs' counsel is introducing a business record for a Wyndham client named Terry Light. Information regarding Wyndham timeshare owners is irrelevant to the issues in this action. | O |
| P28 L23 – P29 L5 | Defendants | FRE 402 – Irrelevant. Plaintiffs' counsel is introducing a business record for a Wyndham client named Terry Light. Information regarding Wyndham timeshare owners is irrelevant to the issues in this action. | O |
| P29 L19 – P30 L1 | Defendants | FRE 402 – Irrelevant. Testimony about the TSC business record for a Wyndham client named Terry Light is irrelevant to the issues in this action. | O |
| P30 L2-14 | Defendants | FRE 402 – Irrelevant. Testimony regarding Rich Folk's use of the name Rich Barry when conducting business is irrelevant to the issues in this action. | O |
| P30 L22-24 | Defendants | FRE 402 – Irrelevant. Testimony regarding Rich Folk's use of the name | O |

|  |  | Rich Barry when conducting business is irrelevant to the issues in this action. |  |
|---|---|---|---|
| P30 L25-5 | Defendants | FRE 402 – Irrelevant. Plaintiffs' counsel describes the deposition testimony of a Wyndham client named Terry Light. Testimony regarding Wyndham timeshare owners is irrelevant to the issues in this action. | O |
| P31 L12-15 | Defendants | FRE 402 – Irrelevant. Plaintiffs' counsel describes the deposition testimony of a Wyndham client named Terry Light and asks a question based on that testimony. Testimony regarding Wyndham timeshare owners is irrelevant to the issues in this action. | O |
| P45 L24 – P46 L6 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | S |
| P46 L8 – P47 L10 | Defendants | FRE 402 – Irrelevant. Mr. Folk's deposition testimony was marked Confidential and, as set forth in Defendants' motion in limine (ECF No. 387), the use of confidential discovery material from the Wyndham litigation violates the Confidentiality Agreement in that action and is therefore inadmissible here. Deponent's testimony regarding Mr. Folk's confidential deposition | O |

| | | testimony is therefore irrelevant. | |
|---|---|---|---|
| P47 L11-19 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | S |
| P47 L21 – P48 L25 | Defendants | FRE 402 – Irrelevant; FRE 602 – Calls for speculation.  Mr. Folk's deposition testimony was marked Confidential and, as set forth in Defendants' motion in limine (ECF No. 387), the use of confidential discovery material from the Wyndham litigation violates the Confidentiality Agreement in that action and is therefore inadmissible here. Deponent's testimony regarding Mr. Folk's confidential deposition testimony is therefore irrelevant. Further, asking the deponent whether he believed that Mr. Folk was telling the truth during his deposition calls for speculation, as the deponent has no basis for knowing Mr. Folk's state of mind. | S |
| P49 L19-20 | Defendants | FRE 402 – Irrelevant. Mr. Folk's deposition testimony was marked Confidential and, as set forth in Defendants' motion in limine (ECF No. 387), the use of confidential discovery material from the Wyndham litigation | O |

| | | violates the Confidentiality Agreement in that action and is therefore inadmissible here. Deponent's testimony regarding Mr. Folk's confidential deposition testimony is therefore irrelevant. | |
|---|---|---|---|
| P50 L5-14 | Defendants | FRE 402 – Irrelevant. Mr. Folk's deposition testimony was marked Confidential and, as set forth in Defendants' motion in limine (ECF No. 387), the use of confidential discovery material from the Wyndham litigation violates the Confidentiality Agreement in that action and is therefore inadmissible here. Deponent's testimony regarding Mr. Folk's confidential deposition testimony is therefore irrelevant. | O |
| P52 L5-23 | Defendants | FRE 402 – Irrelevant. Mr. Wilson's deposition testimony was marked Confidential and, as set forth in Defendants' motion in limine (ECF No. 387), the use of confidential discovery material from the Wyndham litigation violates the Confidentiality Agreement in that action and is therefore inadmissible here. | O |

| | | Deponent's testimony regarding Mr. Wilson's confidential deposition testimony is therefore irrelevant. | |
|---|---|---|---|
| P55 L4-13 | Defendants | FRE 402 – Irrelevant. Testimony regarding TSC's use of outbound telemarketing is irrelevant to the issues in this action. | O |
| P56 L2-23 | Defendants | FRE 402 – Irrelevant. Testimony regarding TSC's strategy for obtaining leads for potential customers has no bearing on the issues in this action. | O |
| P58 L23 – P59 L24 | Defendants | FRE 402 – Irrelevant. The deponent testifies regarding a script that he drafted "to use in calling these LexisNexis clients." He further testifies, "I don't know how they used this after I wrote it." (59:23-24). There is therefore no basis to believe that the script was ever used with any potential clients, let alone Bluegreen owners. Testimony regarding the script is therefore irrelevant. | O |
| P78 L5 – P79 L4 | Plaintiffs | Irrelevant, FRE 401; 402 Foundation, FRE 602; 901(a) | O |
| P83 L1-5 | Defendants | FRE 602 – Lack of foundation; FRE 611(c) – Leading.  There is no foundation for the testimony that Wilson and Folk knew that it was improper to advise | O |

| | | customers to stop making payments. | |
|---|---|---|---|
| P87 L5 – P88 L5 | Defendants | FRE 402 – Irrelevant. The deponent's feelings regarding TSC's sales practices have no bearing on the issues in this case. | S |
| P98 L14-23 | Plaintiffs | Speculation/Lack of Personal Knowledge, FRE 602 | O |
| P99 L6-20 | Plaintiffs | Irrelevant, FRE 401; 402 Foundation, FRE 602; 901(a) | O |
| P99 L20 – P101 L10 | Plaintiffs | Irrelevant, FRE 401; 402 Unduly Prejudicial, FRE 403 ORDER-1 | O |
| P107 L20 – P108 L20 | Plaintiffs | Irrelevant, FRE 401; 402 | O |

**Taylor Otto – March 26, 2021**
*Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.*
Case No.: 6:19-cv-01908-WWB-EJK

| Page(s) and Line(s) | Party Objecting | Objection | Ruling |
|---|---|---|---|
| All | Defendants | FRE 801 | O |
| All | Defendants | In violation of Confidentiality Agreement as deposition is designated AEO. | O |
| P23 L16 – P24 L16 | Plaintiffs | Irrelevant, FRE 401, 402 | O |
| P28 L18 – P29 L9 | Plaintiffs | Irrelevant, FRE 401, 402 | O |
| P51 L9-18 | Plaintiffs | Foundation, FRE 602; 901(a) | O |
| P62 L21-25 | Defendants | FRE 402 – Irrelevant. Mr. Otto's rank in terms of overall volume in 2020 is irrelevant to the issues in this action.  (Q: In 2020, where did you rank in | O |

| | | terms of analysts, in terms – in terms of your overall volume? A: I believe I was Number 1. Q: So you were the top analyst in 2020? A: Yes.) | |
|---|---|---|---|
| P72 L14-17 | Defendants | FRE 402 – Irrelevant. Plaintiffs' counsel is laying the foundation for later questions (see 74:22-75:2, 75:18-25; 76:4-7; 77:25-78:16; 199:9-22; and 135:24-136:11 below) regarding statements that Mr. Otto made to Wyndham owners regarding a paragraph in the addendum to the TSC entitled "The Client Understanding." Because the later questions regarding this paragraph in the addendum relate only to statements that Mr. Otto made to Wyndham owners they are irrelevant, and this foundation for those later questions is therefore irrelevant as well. (Q: The contracts that you assist timeshare owners in signing, have they all had this addendum to them called "The Client Understanding." Do you see that? A: Yes.) | O |
| P73 L2-6 | Defendants | FRE 402 – Irrelevant. Same as above, Plaintiffs' counsel is laying the foundation for later questions (see 74:22-75:2, 75:18-25; 76:4-7; | O |

| | | 77:25-78:16; 199:9-22; and 135:24-136:11 below) regarding statements that Mr. Otto made to Wyndham owners regarding a paragraph in the addendum to the TSC entitled "The Client Understanding." Because the later questions regarding this paragraph in the addendum relate only to statements that Mr. Otto made to Wyndham owners they are irrelevant, and this foundation for those later questions is therefore irrelevant as well. (Q: So for this first paragraph, can you explain to me what this means? A: What this would mean is that there are different forms of how the resolution can come about. And it explains each form in 4.2A, if you want to go to that.) | |
|---|---|---|---|
| P73 L11-15 | Defendants | FRE 402 – Irrelevant. Same as above, Plaintiffs' counsel is laying the foundation for later questions (see 74:22-75:2, 75:18-25; 76:4-7; 77:25-78:16; 199:9-22; and 135:24-136:11 below) regarding statements that Mr. Otto made to Wyndham owners regarding a paragraph in the addendum to the TSC | O |

| | | entitled "The Client Understanding." Because the later questions regarding this paragraph in the addendum relate only to statements that Mr. Otto made to Wyndham owners they are irrelevant, and this foundation for those later questions is therefore irrelevant as well. (Q: So like a deed in lieu of foreclosure or release, things like that? A: I'm not knowledgeable with all the different types of forms. I know that all the ones you just said exist, but it's more outlined in 4.2.8.) | |
|---|---|---|---|
| P74 L22 – P75 L2 | Defendants | FRE 402 – Irrelevant. Plaintiff's counsel is introducing a recording of a call with a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (Q: All right. So I was asking you a question about this client understanding form, and you gave me your explanation as to the first paragraph. And so I want to play for you a clip of the call recording of Suzanne Miller, who is a witness who we deposed earlier in this case. I'll play that for you now.) | O |

| P75 L18-25 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: So Number 1, there's a few different forms you fill out. We do it for you, so you don't have to do it. That's Number 1. Any questions on that? A: The one that says, "I/we understand the release of my" that? The Witness: Yes, so it's, basically, many forms. Yeah, I'm just kind of reiterating it for you. A: Yep.) | |
| P76 L4-7 | Defendants | FRE 402 – Irrelevant. The question relates to the above excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (Q: Now, wasn't your explanation of that first paragraph on the call with Suzanne Miller vastly different from what you just showed us and told us about? A: How so?) | O |
| P77 L25 – P78 L16 | Defendants | FRE 402 – Irrelevant. The question relates to the above excerpt of a call between Mr. Otto and a | O |

| | | | |
|---|---|---|---|
| | | Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (Q: Okay. Here's what you told Suzanne Miller. [Replays clip from 75:18-25] Q: Do you recognize that there's a difference there between what you told me your understanding of that paragraph was and what you actually told Suzanne Miller? A: yeah, that's something I need to correct.) | |
| P95 L13-14 | Defendants | FRE 402 – Irrelevant. This is the beginning of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Hi, Vernon. It's Taylor Otto calling. A: Oh.) | O |
| P95 L22 – P96 L11 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Now, here's the most important part: Once the attorney sends out a letter to your developer, | O |

| | | you're out of your timeshare because nobody should be contacting you whatsoever…So in a short period of time, you'll be done with the developer, you're not making any more payments…) | |
|---|---|---|---|
| P96 L21-23 | Defendants | FRE 402 – Irrelevant. The question relates to the above excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (Q: The part about you're not making any more payments to the developer, that's the same on every call? A: Usually.) | O |
| P99 L8-14 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Right. And that's why clients use our company, Vernon, because they want their credit preserved when they're not making payments. So we enroll you in the credit preservation program which is able to | O |

| | | restore your credit, and they do sweeps. So if they try to put it on your credit, we're able to take it off, so your credit is preserved during this time.) | |
|---|---|---|---|
| P102 L24 – P103 L2 | Defendants | FRE 402 – Irrelevant. Whether Mr. Otto ever met Sean Slattery is irrelevant to the issues in this action. (Q: Have you ever met Sean Slattery? A: I've heard of his name. I think I've maybe seen him in the office, but I don't believe I personally said hello to his face.) | O |
| P103 L23 – P104 L4 | Defendants | FRE 402 – Irrelevant. Whether a prospective TSC customer could talk to a lawyer before signing up is irrelevant to the issues in this action. (Q: Do you have the number for Carlsbad Law Group? A: yes. Q: Okay. If a client – perspective [sic] client wanted to actually speak with the law firm before signing up for the service, could they do that? A: I've done that before. I've given the number out.) | O |
| P105 L9-11 | Defendants | FRE 402 – Irrelevant. This is the beginning of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Hi, | O |

| | | Seletha. This is Taylor Otto calling with Timeshare Compliance. How are you? A: I'm good, Taylor. How are you?) | |
|---|---|---|---|
| P105 L24 – P106 L20 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (A: I have one question. The Witness: Sure. A: Am I talking to an attorney? The Witness: You are not talking to an attorney. This is a free consultation. If you want to speak to an attorney, I can definitely transfer you over, but they charge $400 an hour…) | O |
| P119 L9-22 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner and a question from Plaintiffs' counsel about that excerpt. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: You know, when you're at the last page which is client understanding. A: We're there. The Witness: Okay. I'm going to read these to | O |

| | | | |
|---|---|---|---|
| | | you. So Number 1, there's a few different forms that we have to fill out. We do it for you so you don't—Q: Again, similar to the Miller once with that client understanding, where you testified that there's many different forms of resolution. Do you see here where, once again, with the Robertson's you said something different that what you testified to? A: Absolutely.) | |
| P121 L24 – P122 L9 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Now, here's the most important part: Once the attorney contacts Wyndham, you're out of your timeshare because nobody should be contacting you whatsoever… A: What happens if for some reason, has it ever been a time when people have paid these service fees and everything and they did not get out of this contract?) | O |
| P122 L24 – P123 L4 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What | O |

| | | | |
|---|---|---|---|
| | | Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: That's a really good question. The answer is no, and I'll tell you why. We are very careful with who we take. We are not a sales organization. So we only take cases with misrepresentation. Because of that, we've never lost a single case. You can quote me on that. These calls are recorded.) | |
| P128 L16-17 | Defendants | FRE 402 – Irrelevant. This is the beginning of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Yes, hello. Is this Barry? A: Barry, yes.) | O |
| P133 L18-23 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (A: I have to pay it all up front? The Witness: Well, what a lot of clients will do is they'll put it on a credit card, | O |

| | | and then they'll take the money that their [sic] paying their timeshare each month, and since they're not playing [sic] that, they'll use that to pay you've [sic] off the credit --). | |
|---|---|---|---|
| P134 L4-24 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner and a question from Plaintiffs' counsel about the call excerpt. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (A: I can put down 800. The Witness: Oh, that's going to be a little short. The minimum is 1,500.  A: Yikes. The Witness: Yeah. Yeah, the attorney won't start the case for the 800. I'm sorry. Q: Did you say, "The attorney wouldn't take the – wouldn't start the case for $800"? A: We can't start the work on the process, which means it won't go to the attorney. So in essence, the attorney can't start until there's a minimum down. Q: And $800 is not enough? A: No…) | O |
| P135 L24 – P136 L11 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner and a question from Plaintiffs' counsel about the call | O |

| | | excerpt. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: And then let me know when you're at the last page, which is called "Client Understanding." A: I'm there. The Witness: Okay. I'm going to go over these with you, all right? So Number 1, it says there's a few different forms that you have to fill out. We do it for you. You don't have to do it. Q: Again, this is another call where you misstated what actually that first paragraph was about; is that right? A: Yes.) | |
|---|---|---|---|
| P137 L21 – P138 L2 | Plaintiffs | Incomplete Designation | O |
| P158 L12-15 | Defendants | FRE 402 – Irrelevant. This is the beginning of a call between Mr. Otto and a Wyndham owner. What Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Yes, can you hear me, Susan? A: Yes, I can now. The Witness: Okay, wonderful. Yes, this is Taylor Otto calling with Timeshare Compliance.) | O |
| P164 L14 – P165 L8 | Defendants | FRE 402 – Irrelevant. This is an excerpt of a call between Mr. Otto and a Wyndham owner. What | O |

| | | Mr. Otto said to a Wyndham owner is irrelevant the issues in this action, which only involves Bluegreen owners. (The Witness: Let me explain to you the process of what happens. A: Okay. The Witness: Once you pay – once we send over the service agreement to you, we would review that together. Then what we do is we process your file. Then we have to compile your documents and get the case prepped. Then in about three to four weeks we send this case to the attorney. The attorney then sends a letter to the developer. That letter basically stops them from contacting you anymore. A: Okay. The Witness: So you're not making any payments, you're not using the timeshare, and they're not contacting you. So in essence, you're already out. But to get this formal cancellation letter showing you that you're out, it can take about a year, so between six and 18 months. That is correct. You are not out of your timeshare in 30 days. It takes 30 days for the attorney to send the letter to the developer.) | |
|---|---|---|---|

| William Wilson – August 27, 2020 *Wyndham Vacation Ownership Inc., et al. v. Slattery, Sobel & DeCamp, LLC, et al.* Case No.: 6:19-cv-01908-WWB-EJK | | | |
|---|---|---|---|
| **Page(s) and Line(s)** | **Party Objecting** | **Objection** | **Ruling** |
| All | Defendants | FRE 801 | O |
| All | Defendants | In violation of Confidentiality Agreement as deposition is designated CONFIDENTIAL. | O |
| P50 l5-19 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P68 L2-3 | Defendants | FRE 401/402 Testimony about Exh 4 (Pandora 026551) that is not evidence in the Bluegreen case is irrelevant. | O |
| P68 L20-22 | Defendants | FRE 401/402 Testimony about Exh 4 (Pandora 026551) that is not evidence in the Bluegreen case is irrelevant | O |
| P69 L8-22 | Defendants | FRE 401/402 Testimony about Exh 4 (Pandora 026551) that is not evidence in the Bluegreen case is irrelevant. | O |
| P99 L1-4 | Defendants | FRE 401/402/403/602/611(a) There is no evidence in Bluegreen that Mr. Sean Slattery has anything to say about TSC's advertising. The question, and its implications, are prejudicial and assume facts not in evidence. | S |
| P99 L10-14 | Defendants | FRE 401/402/403/602/601(a) Mr. Wilson clearly testified that TSC does not advertise legal services. | S |

| P99 L20 – P100 L6 | Defendants | FRE 401/402/403/602/601(a) Mr. Wilson clearly testified that TSC does not advertise legal services. The question is argumentative, leading, and assumes facts not in evidence. | S |
|---|---|---|---|
| P100 L7-25 | Defendants | Irrelevant, FRE 401; 402 Unduly Prejudicial, FRE 403 ORDER-1 | O |
| P108 L18-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P109 L1-2 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P112 L14 – P113 L1 | Defendants | FRE 401/402 Irrelevant | O |
| P159 L1 – P160 L4 | Defendants | FRE 401/402/403/602 Mr. Wilson earlier testified that he did not know "National Credit Rehab." Notwithstanding this fact, Plaintiffs ask he a line of questions dealing with the drafting of police reports by National Credit Rehab. There is nothing in the Bluegreen case that suggests that any owner tied to the 218 damages loans has a false police report submitted on their behalf in order to help better their credit report. The implication of Plaintiffs' line of questioning is highly prejudicial and irrelevant. | O |
| P160 L17 – P161 L1 | Defendants | FRE 401/402/403 Mr. Wilson's discussions with Tim Clark about police reports are irrelevant and prejudicial in the Bluegreen case as there is no evidence in the is case | O |

| | | that police reports were used improperly. | |
|---|---|---|---|
| P182 L12-20 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P188 L19-25 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P189 L1 | Plaintiffs | Irrelevant, FRE 401; 402 | O |
| P241 L20-23 | Defendants | FRE 401/402 The use of TSC services agreements with Wyndham owners is irrelevant and Pandora objects to Exh. 34 of this deposition (Pandora 7855) dated July 17, 2017; as any questions about this document are irrelevant. | O |
| P243 L17-25 | Plaintiffs | Foundation, FRE 602; 901(a) | O |
| P244 L1-2 | Plaintiffs | Foundation, FRE 602; 901(a) | O |
| P247 L6-8 | Defendants | FRE 401/402 The use of TSC services agreements with Wyndham owners is irrelevant and Pandora objects to Exh. 34 of this deposition (Pandora 7855) dated July 17, 2017; as any questions about this document are irrelevant, including the Wyndham owner specific fee of $10,748.99. | O |
| P247 L14 – P248 L3 | Defendants | FRE 401/402 The use of TSC services agreements with Wyndham owners is irrelevant and Pandora objects to Exh. 34 of this deposition (Pandora 7855) dated July 17, 2017; as any questions about this document are irrelevant, including the Wyndham owner specific fee of $10,748.99. | O |
| P248 L21-25 | Defendants | FRE 401/402 The use of TSC services agreements with Wyndham owners is | O |

| | | irrelevant and Pandora objects to Exh. 34 of this deposition (Pandora 7855) dated July 17, 2017; as any questions about this document are irrelevant, including the Wyndham owner specific fee of $10,748.99. | |
|---|---|---|---|
| P250 L1 – P252 L8 | Plaintiffs | Irrelevant, FRE 401; 402 Unduly Prejudicial, FRE 403 ORDER-1 | O |
| P252 L19 – P253 L13 | Plaintiffs | Irrelevant, FRE 401; 402 Unduly Prejudicial, FRE 403 Foundation, FRE 602; 901(a) ORDER-1 | O |
| P254 L4-8 | Plaintiffs | Irrelevant, FRE 401; 402 Unduly Prejudicial, FRE 403 Foundation, FRE 602; 901(a) ORDER-1 | O |

**Done and ordered** in Miami, Florida, on August 24, 2023.

Robert N. Scola, Jr.
United States District Judge