**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

BLUEGREEN VACATIONS UNLIMITED, INC., *et al.*,

    Plaintiffs,

v.

TIMESHARE LAWYERS P.A., *et al.*,

    Defendants.

Case No.: 1:20-cv-24681-RNS

**RESPONSE TO PLAINTIFFS' EXPEDITED MOTION FOR ALTERNATIVE SUBMISSION OF TRIAL EXHIBITS AND LEAVE TO SUBMIT EXHIBITS UNDER SEAL (ECF NO. 534) AND EXPEDITED MOTION FOR ALTERNATIVE SUBMISSION OF TRIAL EXHIBITS AND LEAVE TO SUBMIT EXHIBITS UNDER SEAL**

Defendants Pandora Marketing, LLC, Rich Folk, and William Wilson (collectively, the "Defendants"), in accordance with the Court's Order (ECF No. 535) submit this response to Plaintiffs Expedited Motion for Alternative Submission of Trial Exhibits and Leave to Submit Exhibits Under Seal (ECF No. 534, the "Motion to Seal").

In addition, Defendants separately move pursuant to Local Rules 5.3 and 5.4, for an order that permits Defendants to file under seal certain additional confidential exhibits admitted into evidence during the trial in this matter, not included by Plaintiffs in their Motion to Seal, and (b) relieves Defendants of the obligation to file any exhibits protected by such order to seal through the Court's CM/ECF system pursuant to the Rules of this Court.

Pursuant to Local Rule 7.1(d)(2), this Motion is marked as expedited as the relief requested will affect the Defendants' submission of trial exhibits within ten (10) days of the completion of trial which are due by September 5, 2023 (the first business day following the Labor Day holiday). Defendants thus respectfully request a ruling by **September 5, 2023**.

**I.    BACKGROUND**

Defendants' exhibits admitted during the trial include records protected by the Stipulated Confidentiality Agreement (the "Confidentiality Agreement") between the parties. The

Defendants' exhibits include Pandora Marketing records that Defendants previously designated as "Confidential" or "Attorneys Eyes Only" pursuant to the Confidentiality Agreement, including documents and audio recordings that contain confidential customer information. In addition, Defendants' exhibits include certain Bluegreen records that Bluegreen previously designated as "Confidential" or "Attorneys Eyes Only" pursuant to the Confidentiality Agreement.

As set forth in Plaintiffs' Motion to Seal, Plaintiffs' exhibits include approximately 1,500 exhibits, which were produced by both Defendants and Plaintiffs in this action, many of which were also marked as "Confidential" or "Attorneys Eyes Only" pursuant to the Confidentiality Agreement. *See* Motion to Seal at 1-2. These include numerous audio files produced by the Defendants, each of which was marked as "Confidential."

Defendants agree that each of the exhibits identified by Plaintiffs in their Motion to Seal – to the extent that they were in fact admitted into evidence – should be filed under seal, and Defendants agree with Plaintiffs' request for alternative submission of such documents. Indeed, the parties initially discussed filing a joint submission, and Plaintiffs' counsel provided Defendants with a draft motion. Defendants had certain concerns, however, with the draft document, including that Plaintiffs had included certain exhibits that Defendants' counsel did not believe had been admitted into evidence during the trial and that Plaintiffs had not included certain documents that Defendants believed should be sealed. Plaintiffs' counsel provided Defendants' counsel with less than 24 hours to confer on the submission, however, providing the initial draft at 1:29 pm on Tuesday, August 29, and requesting at 9:21 am on Wednesday, August 30 that Defendants provide all comments to the draft that morning. Defendants' counsel informed Plaintiffs' counsel that they needed until Thursday, August 31, to review all of the exhibits listed in the motion, but Plaintiffs' counsel refused to provide Defendants' counsel with the additional time and stated that they intended to file the motion on August 30. Given Defendants' concern with Plaintiffs' draft and the insufficient time to review the documents and the exhibits listed therein, Defendants could not agree to Plaintiffs' submission and therefore informed Plaintiffs' counsel that they opposed the motion. Additional review of the Motion to Seal revealed that it did, in fact, contain inaccuracies (discussed more fully below) regarding both the documents that were admitted into evidence during trial and which admitted documents are confidential and therefore subject to sealing.

2

**II.     ARGUMENT**

Defendants adopt Plaintiffs' arguments regarding the sealing of documents marked as "Confidential" and "Attorneys Eyes Only" in this action. *See* Motion to Seal at 4-5. Specifically, the Court should place the exhibits at issue under seal to the extent that the parties in this litigation have designated them as "Confidential" or "Attorneys' Eyes Only," which indicates that such designating parties consider the records to contain the confidential information of third parties or confidential internal business information, including confidential sensitive financial information. Placing the documents under seal will not impair the functions of the Court, and a less onerous means to sealing the exhibits does not exist. There is therefore good cause to seal the exhibits identified by the parties as subject to sealing.

As detailed below, however, certain documents identified in the Plaintiffs' Motion to Seal were not admitted into evidence during the trial and were not subject to the parties' stipulation on admissibility. In addition, Defendants seek the sealing of exhibits that were admitted into evidence but that Plaintiffs did not include in the Motion to Seal. A complete list of Plaintiffs' exhibits that should be filed under seal is attached hereto as **Exhibit A**, and a complete list of Defendants' exhibits that should be filed under seal is attached hereto as **Exhibit B**. Defendants request, at the Court's suggestion, that the exhibits remain sealed for five years, at the end of which Defendants request that they be destroyed by the Clerk of Court.

**A.     Plaintiffs' Exhibits**

1.     Exhibits Properly Identified by Plaintiffs as Subject to Sealing

The following exhibits were properly identified in the Plaintiffs' Motion to Seal as having been admitted into evidence during the trial and being subject to sealing. Defendants therefore agree with Plaintiffs' request to seal the following trial exhibits (*see* Motion to Seal at 2-3):

a. P-0004 through P-0100, excluding P-0881
b. P-1001 through P-1191
c. P-1192 through P-1267: Defendant Carlsbad Law Group, LLP's retainer agreements produced by such defendant in this litigation with a "Confidential" designation.
d. P-1268 through P-1388 [excluding P-1277-79, 1287, 1294, 1312, 1314, 1335, 1340, 1351-52, 1356-59, 1361-62, 1365, 1368, 1372]
e. P-1491

3

    f. P-1496 through P-1498 and P-1501

    g. P-1503 through P-1540, and P-1891 through P-1951

    h. P-1574

  2. <u>P-1480 through P-1489</u>

  In addition, Plaintiffs seek to have P-1480 through P-1488, which consist of certain scripts produced by Defendants in this action, filed under seal. Motion to Seal at 3. However, not all of the documents in this range were admitted into evidence during the trial, and the documents were not subject to the parties' stipulation regarding admissibility. Specifically, P-1481, P-1483, and P-1487 were not admitted into evidence. Defendants therefore request that only those exhibits within this range that were admitted into evidence – namely, P-1480, P-1482, P-1484, P-1485, P-1486, and P-1488 – be filed under seal.

  In addition, Plaintiffs did not include P-1489 in their motion to seal. Like P-1480 through P-1488, P-1489 is a script produced by Defendants, and like the other documents, it is confidential. P-1489 should therefore be filed under seal as well.

  3. <u>P-1570 and P-1977</u>

  It is Plaintiffs' position that P-1570, an audio recording of a telephone call between Sean Slattery and Rachel Tuhro, and P-1977, an audio recording of a meeting among three unidentified men, were covered by the parties' stipulation regarding admissibility and therefore were admitted into evidence. On the final day of the trial, Plaintiffs' counsel identified both of these as exhibits that he believed were covered by the stipulation but that had not been included on the Court's list of admitted exhibits. In response, Defendants' counsel stated that he would review P-1570 and P-1977 to confirm whether or not they were covered by the parties' stipulation and would inform the Court if they were not. *See* Rough Tr. 8/24/23 at 5, attached as **Exhibit C**. Upon review, Defendants' counsel does not agree that P-1570 and P-1977 were covered by the stipulation, as Defendants never intended to stipulate to the admission of recordings other than those of sales calls. Neither P-1570 nor P-1977 was identified in the "Audio Files" or "Rebuttal/Cross Examination Telephone Conversations" sections of Plaintiffs' exhibit lists (which sections were the focus of the parties' negotiations about the admission of audio recordings) and the parties never discussed either of these exhibits when negotiating the stipulation. Defendants never intended to stipulate to the admission of these two exhibits and do not believe they were properly admitted into evidence.

If, however, the Court finds that P-1570 and/or P-1977 was properly admitted into evidence, both of these exhibits should be filed under seal. Plaintiffs agree P-1570 is confidential and should be sealed. *See* Motion to Seal at 3. Plaintiffs claim, however, that P-1977, an audio recording produced in the *Wyndham* litigation, "is not subject to the above request to file under seal as there are no confidentiality protections as to that record." Motion to Seal at 6 n.6. The undersigned currently represents Defendants in the *Wyndham* litigation, but did not represent them in that action during the discovery process. It is the undersigned's understanding, however, that, just as in this action, all audiotapes produced in the *Wyndham* litigation were designated as confidential. Plaintiffs provide no evidence, other than their conclusory assertion, that P-1977 was not designated confidential. Defendants therefore ask that P-1977 be filed under seal as well.

**B. Defendants' Exhibits**

1. <u>Exhibits Properly Identified by Plaintiffs as Subject to Sealing</u>

The following Defendants' exhibits were properly identified in the Motion to Seal as having been marked Confidential or Attorneys Eyes Only and therefore subject to sealing. Defendants therefore agree with Plaintiffs' request to seal the following trial exhibits (*see* Motion to Seal at 4):

    a. D-0015
    b. D-0030
    c. D-0047
    d. D-0321
    e. D-0411
    f. D-0429
    g. D-0442 through D-0444

2. <u>Additional Defendants' Exhibits to be Filed Under Seal</u>

Defendants also seek to seal the following Defendants' exhibits that were introduced into evidence during trial or subject to the parties' stipulation regarding admissibility:

    a. <u>D-0226</u>, an Attorney Retainer Agreement produced by the Lawyer Defendants and marked "Confidential."
    b. <u>D-0322</u>, a compendium of 1099-A forms, each of which is marked "Confidential."
    c. <u>D-0325</u>, a confidential internal policy document for Pandora Marketing.
    d. <u>D-0327</u>, a confidential internal training guide for Pandora Marketing.

e. D-0347 through D-0363, audio recordings of sales calls produced by Defendants, each of which was designated "Confidential."

f. D-0367 and D-0368, documents relating to Del Mar Law Group's representation of two Pandora clients, each of which contain confidential client information.

g. D-0414, 2023 Specialist Script, designated "Attorney's Eyes Only."

h. D-0415, 2023 Inbound Script, designated "Attorney's Eyes Only."

i. D-0416, 2023 Analyst Script, designated "Attorney's Eyes Only."

j. D-0418, 2023 Analyst Playbook, designated "Attorney's Eyes Only."

k. D-0419, 2023 Specialist Playbook, designated "Attorney's Eyes Only."

l. D-0445, a chart created by Defendants containing an analysis of records produced by Defendants and marked "Confidential" during discovery.

m. D-0446 through D-0549, transcripts of certain audio recordings of sales calls produced by Defendants, each of which was designated "Confidential."

n. D-1021, a Services Agreement between Timeshare Compliance and a client that contains confidential client information.

**C.     Alternative Submission of Sealed Trial Exhibits**

Defendants adopt Plaintiffs arguments regarding alternative submission of the sealed trial exhibits. See Motion to Seal at 6-7. Specifically, Local Rules 5.3(b)(3)(B) and 5.3(b)(3)(C) exempt audio recordings and records protected by a motion seal, respectively, from the requirement that exhibits be filed through the CM/ECF system. Since a large portion of the parties' exhibits are subject to sealing and/or consist of audio recordings, submission of such exhibits via CM/ECF would be improper. Accordingly, Defendants request that the Court grant the parties leave to submit all sealed exhibits via electronic medium such as flash drive or external hard drive in lieu of submission via the Court's CM/ECF system.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court grant them leave to submit certain trial exhibits under seal and through electronic medium rather than through the Court's CM/ECF system, and grant such other and further relief as the Court deems necessary and appropriate.

**LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

 Undersigned counsel hereby certifies that it made a reasonable attempt to confer with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve by agreement the issues raised in the motion but was unable to do so.  Counsel for Defendants initially sought to file a joint submission with Plaintiffs regarding the sealing of trial exhibits, but Plaintiffs' counsel refused to provide Defendants with sufficient time to review Plaintiffs' draft motion and decided to file their own motion to seal, necessitating Defendants' filing of this separate motion.

Dated: September 1, 2023               Respectfully submitted,

*/s/ John Y. Benford*
**JOHN Y. BENFORD, ESQ.**
Florida Bar No. 51950
john.benford@wilsonelser.com
Natalie C. Bourff, Esq.
natalie.bourff@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
111 North Orange Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 203.7594

and

**PATRICK A. BRADFORD, ESQ.** (admitted *pro hac vice*)
Email: pbradford@bradfordedwards.com
**BRADFORD EDWARDS & VARLACK LLP**
112 East 49th Street, 11th Floor
New York, NY 10017
Telephone: (917) 671-9406

*Attorneys for Defendants Pandora Marketing, LLC, William Wilson, and Rich Folk*