United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs, <br><br> v. <br><br> Timeshare Lawyers P.A., and others, Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 20-24681-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Denying the Plaintiffs' Motion for Sanctions

This matter is before the Court on the Plaintiffs Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc.'s (collectively, "Bluegreen") post-judgment motion for sanctions against the Defendants Pandora Marketing, LLC, Rick Folk, and William Wilson (the "Marketing Defendants"). (Mot., ECF No. 563.) The Marketing Defendants have responded opposing Bluegreen's motion (Resp., ECF No. 566), and Bluegreen has replied (Reply, ECF No. 471). Along with its reply, Bluegreen requested expedited consideration of its motion. (*See id.*; Notice, ECF No. 568.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **denies** Bluegreen's motion. (**Mot., ECF No. 563**.)

The Court assumes the parties' familiarity with the factual and procedural background of this case. As relevant here, on October 27, 2023, the Court entered final judgment in favor of Bluegreen and against the Marketing Defendants, which included damages in the amount of $100,000.00, plus interest at the legal rate, as well as a permanent injunction. (Final J., ECF No. 562.) The final judgment reflected the result of the Court's rulings on summary judgment and of its verdict and order following a four-day, non-jury trial, which took place from August 21 to August 24, 2023. (*See* ECF Nos. 437, 561.) Bluegreen now seeks post-judgment relief in the form of sanctions against the Marketing Defendants for liens they have apparently caused to be filed against Bluegreen and other timeshare developers across the country.

Bluegreen explains that, shortly after the non-jury trial in this case ended, an entity called the Collaborative Administrative Trust ("Trust") filed at least twenty-four UCC liens against the Plaintiff Bluegreen Vacations Corporation and a related entity, Bluegreen Vacations Holding Corporation, across twenty-three states. The Defendants Folk and Wilson are the Trust's sole co-trustees and, the Trust, in turn, is the 100% owner of the Defendant

Pandora Marketing, LLC. The liens claim that Bluegreen and other timeshare developers collectively owe the Marketing Defendants two hundred and five million dollars ($205,000,000.00).

In support of the claimed debt, the liens offer, among other materials, an Affidavit of Fact initially filed in a related action that was instituted by timeshare-developer Wyndham against the same Defendants in the Middle District of Florida—styled *Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, 6:19-cv-1908. The Affidavit of Fact consists of 286 paragraphs (approximately fifty pages) of purported statements of fact that are sworn to by the Defendants Folk and Wilson in their individual capacities. In terms of its substance, the Affidavit of Fact is dedicated to refuting the allegations of wrongdoing that underlie the various suits instituted against the Marketing Defendants as a result of the role they have played in the timeshare exit industry. Notably, the *Wyndham* court struck the Affidavit of Fact from its docket. In addition, the Affidavit of Fact is substantively identical to one that was filed in the instant case, which this Court also struck, explaining that it was procedurally improper. (*See* ECF Nos 265, 360.) Specifically, the Court explained that the Marketing Defendants improperly submitted the affidavit in this case of their own accord, without using the Court's CM/ECF system, or including the signature of their counsel, even though they were represented at the time.

Bluegreen asks the Court to use its inherent authority to sanction the Marketing Defendants for their conduct in filing the liens against the Plaintiff Bluegreen Vacations Corporation and its related entity. Specifically, among other relief, Bluegreen requests that the Court issue an order directing the Marketing Defendants to withdraw the liens and enjoining them from enforcing the liens or filing similar new liens. In support, Bluegreen argues that such action is necessary to preserve this Court's authority and the sanctity of the judicial processes that the Marketing Defendants are openly disregarding. According to Bluegreen, the Court can, and should, employ its inherent authority to impose the requested sanctions because the liens constitute an unauthorized and improper collateral attack on the Court's orders. Bluegreen reasons that, because the liens rely on the struck Affidavit of Fact—which essentially attempted to unilaterally disclaim any wrongdoing by the Marketing Defendants in the lawsuits filed against them—they constitute an attack on the Court's rulings.

It is worth noting that the Marketing Defendants' response opposing Bluegreen's motion for sanctions begins with a disclaimer from their counsel in this case, wherein the latter explain that they had no knowledge of, and do not represent the Marketing Defendants in conjunction with, the purported liens.

Following that clarification, the response argues that the Court's inherent power to sanction does not extend to the conduct at issue here, as the only connection any of the liens have to the present litigation is that the Marketing Defendants cited to the struck Affidavit of Fact as one of the documents supporting their lien filings. There is no precedential support, the response argues, for extending the Court's authority to reach conduct outside of the case before it, where the conduct has only a tangential relationship to the case before it.

"Courts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991) (quoting *Link* v. *Wabash R. Co.*, 370 U.S. 626, 630-631, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)). Importantly, the Eleventh Circuit has cautioned courts to exercise restraint in using this inherent power and emphasized the power's limited goals:

> The purpose of the inherent power is both to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole. The inherent power must be exercised with restraint and discretion. This power is not a remedy for protracted litigation; it is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial. Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority.

*Purchasing Power, LLC*, 851 F.3d at 1225 (cleaned up). As noted, the Court has reviewed the record, the parties' briefs, and the relevant legal authorities in detail. While it seems clear that the Marketing Defendants are likely acting improperly by filing the apparently unsupported liens against Bluegreen and other timeshare developers across the country, the Court concurs with the response that the Court's inherent power to sanction does not extend to the conduct at issue here.

Principally, the Court does not agree with Bluegreen that the Marketing Defendants' conduct in filing the UCC liens represents a collateral attack on the Court's orders in this case. Per Bluegreen's own description, the liens do not rely on the Court's orders or determinations in this case, or otherwise reference those materials in any way. The materials provided as support for the liens do not mischaracterize the outcome of this case—indeed, they do not seem to specifically point to this case at all. The only clear connection that the liens have to this case is the Affidavit of Fact. Even that connection, however, is

incredibly attenuated given the fact that the Marketing Defendants decided to use the version of the Affidavit of Fact that was docketed in the *Wyndham* litigation. This is important because, if anything, it indicates that the Marketing Defendants are attempting to mischaracterize the outcome of that case, not this one. In any event, even if the Court were to treat the Affidavit of Fact attached to the liens as identical to the one that was filed and struck in this case, the Marketing Defendants' conduct still does not amount to an attack on this Court's orders because, on its face, the Affidavit of Fact merely provides statements attested to by the Defendants Folk and Wilson in their individual capacity. It is not for this Court to decide the extent to which Folk and Wilson may be subjecting themselves to sanctions or other negative consequences by providing false statements to other legal bodies.

      Bluegreen is adamant that it need only show an attack on the Court's authority, as opposed to a direct contravention of one of the Court's orders, to establish that the Marketing Defendants have exposed themselves to the Court's inherent power to sanction. Bluegreen relies heavily on the Supreme Court's decision in *Chambers v. NASCO, Inc.*, and, specifically, on the portion of the decision where the Supreme Court explained that "[a]s long as a party receives an appropriate hearing. . . , the party may be sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders." 501 U.S. 32, 57, 111 S. Ct. 2123, 2139 (1991). While the reach of a district court's inherent power to sanction post-*Chambers* is subject to debate, the Court need not take a position on the issue here because, as noted above, it does not agree with Bluegreen that the Marketing Defendants' conduct in filing the UCC liens touches on this litigation in any significant way. *See, e.g.*, *Conner v. Travis Cty.*, 209 F.3d 794, 800 (5th Cir. 2000) ("Our sister circuits disagree as to whether a district court can sanction a party for filing an interlocutory appeal which lacks merit."). Because Bluegreen has not shown that the Marketing Defendants' conduct in filing the UCC liens impinges on this Court's authority, the Court declines to use its inherent sanctioning power as requested. In short, while the Marketing Defendants may have been motivated by the outcome of this, and related cases, to act out as they have in filing the UCC liens, that does not mean that those actions implicate this Court's authority in any way. *See, e.g.. Shen Yi, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-66-NPM, 2022 U.S. Dist. LEXIS 16226, at *14, 2022 WL 267520, at *4 ("[T]he Court will not exercise its inherent powers to sanction [attorneys] in this action for conduct that did not occur before it.").

      Accordingly, for the reasons set forth above, the Court **denies** Bluegreen's motion for sanctions. (**Mot., ECF No. 563**.)

**Done and ordered**, in chambers, at Miami, Florida, on December 18, 2023.

_____
Robert N. Scola, Jr.
United States District Judge