**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-CV-24681-SCOLA/GOODMAN**

BLUEGREEN VACATIONS
UNLIMITED, INC., et al.,

      Plaintiffs,

v.

TIMESHARE LAWYERS P.A.
d/b/a FEDERAL FINANCIAL
LAW GROUP, et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFFS'**
**MOTION FOR BILL OF COSTS AND SUPPORTING MEMORANDUM**

Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations

Corporation (collectively, "Bluegreen" or "Plaintiffs"), companies in the business of

selling timeshare interests in Florida, filed this action against Defendants for damages

resulting from Defendants' alleged participation in a scheme to induce Bluegreen

timeshare owners to breach timeshare contracts. The parties went to trial in front of

Senior United States District Judge Robert N. Scola, Jr., who ruled in favor of Plaintiffs.

[ECF No. 561]. Thus, Plaintiffs are the prevailing party.

Plaintiffs now seek to recover $60,369.02[1] in costs pursuant to 28 U.S.C. § 1920 and have filed a bill of costs and supporting memorandum of law. [ECF No. 564 ("Motion")]. Plaintiffs attached a declaration from Attorney Eric Christu ("Christu Declaration") [ECF No. 564-2] with supporting documentation, as well as copies of invoices [ECF No. 564-1]. Plaintiffs' Motion seeks recovery from some of the Defendants: Pandora Marketing, LLC, Rich Folk, and William Wilson (collectively "Motion Defendants"). The Motion Defendants filed a joint opposition to Plaintiffs' Motion. [ECF No. 569]. Plaintiffs filed a reply. [ECF No. 570]. Then the Motion Defendants filed supplemental memoranda, with the Undersigned's permission, responding to the new explanations included in Plaintiffs' reply. [ECF Nos. 589; 590].

Judge Scola referred to the Undersigned Plaintiffs' Motion "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 565]. For the reasons stated below, the Undersigned respectfully **recommends** that the District Court **grant in part and deny in part** Plaintiffs' bill of costs and award them **$50,145.02** in taxable costs ($10,224.00 less than the requested amount).

---

[1]     Plaintiffs originally requested $72,251.70 but amended it to the amount listed here after reviewing the Motion Defendants' arguments in opposition to the motion. [ECF No. 570, p. 2].

2

## I.    Legal Standard

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs that adheres to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court may still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the

prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Still, the Court is limited to taxing the costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.    Analysis

Plaintiffs are the prevailing party in this case because they prevailed at trial. [ECF No. 561]. They are therefore entitled to an award of all costs recoverable under 28 U.S.C. § 1920. Plaintiffs seek to recover the following costs: $400.00 in clerk fees; $1,170.00[2] for service fees; $58,680.82[3] for fees related to transcripts; and $118.20 for witness-related fees. [ECF No. 564].

The Motion Defendants argue that Plaintiffs' Motion fails to justify many of the cost requests and that many of them are not recoverable under 28 U.S.C. § 1920. [ECF No. 569].

---

[2]    Plaintiffs originally requested $2,779.25 but amended it in their reply to the amount listed here pursuant to the Motion Defendants' arguments. *Id* at 4. Plaintiffs' amended request seeks $65.00 from each service transaction and does not include additional fees, such as copying costs.

[3]    Plaintiffs originally requested $68,954.25 but amended it to the amount listed in their reply pursuant to the Motion Defendants' arguments. *Id* at 5. Plaintiffs' amended request stipulates to the Motion Defendants arguments and does not include "miscellaneous 'convenience fees' charged in relation to the written transcript requests ($7,047.95) and expedited transcription of five specific audio files in advance of summary judgment deadline ($3,225.48)." *Id.*

For the reasons discussed below, some reductions to Plaintiffs' bill of costs are warranted.

### A.  Filing Fee

Plaintiffs request $400.00 for the filing fee paid to the Clerk of Court. The Motion Defendants do not object to this request. [ECF No. 569, p. 3]. Filing fees are taxable under section 1920(1). *Petersen v. Stella McCartney Am., Inc.,* No. 22-CV-22713-JEM, 2023 WL 4137266, at *4 (S.D. Fla. June 5, 2023), *report and recommendation adopted,* No. 22-22713-CIV, 2023 WL 4131531 (S.D. Fla. June 22, 2023). Therefore, the Undersigned respectfully recommends that the Court award Plaintiffs **$400.00** for the filing fee.

### B.  Service of Process Fees

Plaintiffs request $1,170.00 in private process server fees related to service of summonses or subpoenas. The Motion Defendants argue that Plaintiffs are only entitled to a cost award of $195.00 for this request. [ECF No. 569, p. 3]. They also argue that Plaintiffs' request should be denied because they "fail to adequately describe the necessity of the subpoenas served on non-parties and their relationship to this case[.]" *Id.*

Service of process fees paid to private servers are taxable so long as they do not exceed the service fees charged by the U.S. Marshal. *E.E.O.C.,* 213 F.3d at 623; *see also Ewing v. Carnival Corp.,* No. 19-20264-CIV, 2023 WL 2524530, at *2 (S.D. Fla. Mar. 15, 2023) ("Courts in this District have confirmed that service of process fees paid to private process servers are taxable under 28 U.S.C. § 1920(1), provided that the process server's rates do

not exceed the fees of the U.S. Marshals to effectuate service."). Currently, the U.S. Marshal's rate is $65.00 per hour, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Plaintiffs' request relates to the costs associated with the service of process on 18 individuals, including the three Motion Defendants and fifteen third parties (some of which were served twice). The third parties are: McCroskey Legal; M. McCroskey; Bank of America; Wells Fargo; BBB of West Florida, Inc.; BBB of Central FL, Inc.; Angel Oak Mortgage Solutions LLC;[4] Elephant Drive, Inc.; Western Alliance Bank, f/k/a/ Torrey Pines Bank; BBB of Pacific Southwest; Regus Management Group, LLC; Wells Fargo Bank, N.A.; CompliancePoint, Inc.; RELX, Inc.; and Bank of America Corporation.

Plaintiffs acknowledge that this type of request is limited to the service fees charged by the U.S. Marshall but cite *Monelus,* 609 F. Supp. 2d at 1334 in stating that a higher fee may be awarded "if it is 'justified and appropriate in light of the specific facts of the case." [ECF No. 564, p. 5]. However, Plaintiffs failed to provide *any* reasons justifying the higher award in their Motion. The section dedicated to this request is merely a list of the service of process efforts made (including the dates they were made on and how much each cost), and a brief summary of the legal standard necessary for this type of request. The Christu Declaration additionally fails to provide any helpful

---

[4]     In their reply, Plaintiffs concede to not pursue costs related to Angel Oak's subpoena. *Id* at 3.

information as to the requests because it includes the **same** list. [ECF No. 564-2]. Plaintiffs try to rectify this error in their reply.

In their reply, Plaintiffs provide the Court with brief explanations detailing the necessity behind each service of process. [ECF No. 570, pp. 3–4]. However, their explanations fail to provide the information necessary for the Undersigned to recommend that their full request be granted.

Plaintiffs first failed to provide any explanations as to why they needed to subpoena certain parties twice, such as Wells Fargo and Bank of America. *See Gould v. Carnival Corp.*, No. 19-CV-20289, 2022 WL 742737, at *5 (S.D. Fla. Mar. 10, 2022) ("Carnival must provide an explanation for why it needed to subpoena the same entity multiple times." (citing *Carroll v. Carnival Corp.*, No. 16-20829-CIV, 2018 WL 1795469, at *2-3 (S.D. Fla. Feb. 6, 2018), *report and recommendation adopted as modified*, No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018) (finding that, because the movant failed to provide more than conclusory evidence for why it needed to issue duplicative subpoenas, the duplicative subpoenas were not recoverable)). Without that explanation, Plaintiffs are entitled to only tax costs for one subpoena per entity.

Second, the Motion Defendants argue that Plaintiffs "failed to justify the expense of serving subpoenas on the remaining 15 non-parties[.]" [ECF No. 590, p. 2]. Their specific objections related to each of the non-parties seems to impose a strict interpretation as to what "reasonable and necessary" mean. For example, the Motion

Defendants object to Plaintiffs' request related to Miranda McCroskey and her firm because Plaintiffs' explanation "fails to state whether the subpoenas were for documents or testimony, what documents or information were sought, and how they related to this action." *Id*. at 3.

The Motion Defendants expect Plaintiffs to state with **specificity** why their request was necessary, what information was sought, and how it relates to this action. However, they failed to cite any cases which detail ***how specific*** a "reasonable and necessary" explanation must be and what it ***has to*** include. Their supporting authority addresses the standard in a general sense rather than (ironically) a specific one. For example, in *Awwad v. Largo Med. Ctr., Inc.*, No. 8:11-CV-1638-T-24, 2013 WL 6198856, at *2 (M.D. Fla. Nov. 27, 2013), the plaintiff sued a medical center for revoking his medical staff privileges. During the suit, the medical center defendant subpoenaed non-parties, such as the plaintiff's undergraduate and graduate schools and a newspaper publication. The *Awwad* Court denied the request for costs related to those subpoenas because it was unable to determine how they were related to the plaintiff's §1981 race discrimination claim. *Id*.

Defendants additionally cite to *Nixon v. Miami-Dade Cnty.*, No. 19-24828-CIV, 2022 WL 1137860, at *3 (S.D. Fla. Mar. 29, 2022), *report and recommendation adopted*, No. 19-CV-24828, 2022 WL 1135698 (S.D. Fla. Apr. 18, 2022), as support for their strict standard. In *Nixon*, the court stated,

> Here, [the] [d]efendant sufficiently justifies the cost of each subpoena and the necessity of the associated copying cost. The focus of each subpoena

was to request copies of documents directly related to [the] [p]laintiff's medical condition, disability benefits, and health care providers. In addition, when applicable, [the] [d]efendant explains how the documents obtained by the subpoenas were used in its litigation strategy and in its substantive motions.

*Id*.

However, that language is merely *dicta*. *Dicta* is defined as those portions of an opinion that are "not necessary to deciding the case then before us." *United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009) (citing *United States v. Eggersdorf*, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997)); *see also United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) ("We have defined dictum as a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding.").

Additionally, both *Nixon* and *Awwad* are unpublished district court rulings which are not the law in the Eleventh Circuit, and neither are persuasive enough to influence the Undersigned's decision. *See Georgia v. President of the United States*, 46 F.4th 1283, 1304 (11th Cir. 2022) ("[A] district court's decisions do not bind other district courts, other judges on the same court, or even the same judge in another case.") (citing *Camreta v. Greene*, 563 U.S. 692, 709, n.7 (2011)); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) ("A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this circuit is bound by this court's decisions.").

While it would have been helpful for Plaintiffs to provide more details as to their subpoena-cost requests like the *Nixon* defendant, they are not obligated to, and the Moving Defendants have failed to provide binding caselaw showing otherwise. Plaintiffs provided enough information for the Undersigned to determine that the costs sought are reasonable and necessary. Therefore, the Undersigned **respectfully recommends** that the District Court award Plaintiffs **$1,040.00** in service fees.[5]–

### C.     Transcript Fees

Costs for transcripts are authorized insofar as such transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, "where the deposition costs were merely incurred [for] convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *5 (S.D. Fla. Jan. 2, 2014) (*quoting W&O*, 213 F.3d at 620); *see also Shire Dev., LLC v. Mylan Pharms., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("[C]ourt-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses, which are incurred for the convenience and not necessity of counsel, are not taxable."), *report and recommendation adopted in part*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6304868 (M.D. Fla. Dec. 3, 2018).

---

[5]      This amount excludes the costs associated with the second subpoenas that were served on Bank of America and Wells Fargo due to Plaintiffs' failure to justify those costs.

Plaintiffs seek $58,680.82 in fees related to hearing, deposition, and trial transcripts. The Motion Defendants do not contest all of the requested fees. They contest the following requests: (1) $1,524.10 related to Paul Humphrey's second deposition; (2) $9,222.50 related to the video depositions; and (3) $10,763.82 related to audio recordings. [ECF No. 570, p. 5].

*Paul Humphrey's Second Deposition*

The Motion Defendants object to the fees, not the cost of the transcript itself ($730.80), related to Paul Humphrey's second deposition. [ECF No. 590, p. 6 n. 2]. They argued that this request includes unrecoverable charges "for overnight expediting, exhibits, and a 'Read & Sign' service." [ECF No. 569, p. 11]. This request includes the following charges:

| 1 COPY OF TRANSCRIPT OF: | | | | | |
|---|---|---|---|---|---|
| PAUL HUMPHREY | 232.00 | Pages | @ | 3.150 | 730.80 |
| Overnight Expedite | | | | | 730.80 |
| Etran/PTX Files - Complimentary | 1.00 | | @ | 0.000 | 0.00 |
| Exhibits - Copied/Scanned/Hyperlinked | 170.00 | Pages | @ | 0.250 | 42.50 |
| Read & Sign | 1.00 | | @ | 20.000 | 20.00 |
| No Paper - E-Delivery Only | 1.00 | | @ | 0.000 | 0.00 |
| | | | TOTAL DUE  >>> | | $1,524.10 |
| Location of Job   : ALL PARTIES TO APPEAR REMOTELY | | | | | |
| No set address | | | | | |
| Remote Location, FL | | | | | |
| 1 Day Rush | | | | | |

[ECF No. 564-1, p. 88].

In their reply, Plaintiffs do not specifically address the fees associated with this deposition. All they state is that the "costs associated with Mr. Humphrey's deposition

are recoverable as it was [*Motion*] *Defendants and their co-conspirator* Sean Slattery that chose to depose Mr. Humphrey." [ECF No. 570, p. 5 (emphasis in original)].

Plaintiffs do not cite any supporting authority or include any explanations entitling them to their full request because nothing addresses why the costs, aside from the transcript itself, were necessary. For example, why was it necessary to have a "Read & Sign" service? Why did Plaintiffs need this deposition transcript provided overnight?

First, Plaintiffs should not be awarded the $42.50 in exhibit costs because "exhibit costs are not taxable because there is no statutory authorization." *W&O, Inc.*, 213 F.3d at 623. Second, Plaintiffs should not be awarded $730.80 for the expedited delivery because they "failed to demonstrate that the courier charge constituted a necessary expense and was not incurred merely for the convenience of counsel." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (citing *George v. Florida Dept. of Corr.*, No. 07–80019, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (Rosenbaum, M.J.) (denying costs for transcript delivery fee where movant failed to demonstrate such cost was incurred out of necessity, as opposed to mere convenience of counsel)); *Maris Dist. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002) (stating that costs associated with expedited trial transcripts should not be ordinarily allowed). Third, Plaintiffs should not be awarded $20.00 for the "Read & Sign" Service provided because they did not address why that cost was necessary. *See Doe v. Roe*, No. 17-23333-CIV, 2021 WL 3408605, at *4 (S.D. Fla. July 19, 2021), *report and recommendation adopted*, No. 17-23333-

CIV, 2021 WL 3403469 (S.D. Fla. Aug. 4, 2021) (costs for read-and-sign packets are not recoverable under §1920). Therefore, Plaintiffs should be awarded only $730.80 in costs for Paul Humphrey's second deposition.

*Video Deposition Costs*

Parties are entitled to costs for video depositions "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c) [.]" *Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 465 (11th Cir. 1996).

The Motion Defendants do not respond to or dispute the fact that they did *not* object to Plaintiffs' deposition notices which included the necessary information. The Motion Defendants have therefore waived any argument as to that point. "Failure to respond to an argument may result in waiver." *Bell N. Rsch., LLC v. HMD Am., Inc.*, No. 1:22-CV-22706, 2023 WL 8455938, at *3 (S.D. Fla. Nov. 14, 2023), *report and recommendation adopted*, No. 22-22706-CIV, 2023 WL 8449590 (S.D. Fla. Dec. 6, 2023) (*quoting West 32nd/33rd Place Warehouse Condo. Ass'n, Inc. v. Western World Ins. Co.*, No. 22-CV-21408, 2023 WL 6317993, at *4 (S.D. Fla. Aug. 21, 2023) (*citing Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *14 (S.D. Fla. Aug. 15, 2013) ("A failure to address issues in response to a motion is grounds for finding that the claims have been abandoned.").

For these video deposition costs to be taxable, however, the prevailing party must *still* explain why it was necessary to obtain both regular transcripts and videotaped copies. *See Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions); *Ferguson v. Bombardier Servs. Corp.*, 2007 WL 601921, *3–4 (M.D. Fla. Feb. 21, 2007) (same); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1370 (S.D. Fla. 2010) (same).

In their motion, Plaintiffs included a chart which details each of the transcripts obtained in this case and what they cost. [ECF No. 564, pp. 7–11]. In adding all of the listed video costs from that chart, the Undersigned reached a total of $12,312.50. But in reviewing all of the relevant filings, neither party explains how they reached the contested $9,222.50. The Motion Defendants first state that that is the amount Plaintiffs seek for video deposition costs, and Plaintiffs use that same number in their Reply. [ECF Nos. 569, p. 11; 570, p. 4]. Therefore, the Undersigned will proceed with the understanding that Plaintiffs seek $9,222.50 in video deposition costs.

Plaintiffs argue that they are entitled to recover those costs because: (1) the Motion Defendants made no objections to the videotaping when served with the necessary subpoena; and (2) the costs were necessary because Plaintiffs were "dealing with out[-]of[-]state witnesses who [Plaintiffs] **could not count on appearing to testify live at trial**."

[ECF No. 570, p. 5 (emphasis added)]. Plaintiffs state that the video depositions were taken "to preserve the full scope of [the out-of-state witnesses]'s testimony for the Court's review should it choose which even [sic] Pandora's Marketing's counsel offered to the Court during trial." *Id.* The Motion Defendants object to Plaintiffs' request stating Plaintiffs failed to show the necessity behind having "both stenographic and video recordings of the depositions" and that their rationale related to out-of-state witnesses is insufficient. [ECF No. 590, pp. 5–6].

The Chief Magistrate Judge of the Southern District of Florida, Judge Edwin Torres, dealt with a parallel scenario in *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 8275157, at *6 (S.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 17-61019-CIV, 2020 WL 1445472 (S.D. Fla. Jan. 24, 2020). There, he reasoned that, based on the plaintiffs' explanation (which parallels the one advanced here by our Plaintiffs), he was unable to recommend an award of costs:

> [The] [p]laintiffs claim that they are entitled to videotaped depositions because [the] [d]efendants failed to object to this method of recordation. [The] [d]efendants do not dispute this assertion. [The] [p]laintiffs then argue that videotaped depositions were necessary because most of the deponents do not reside within the Court's jurisdiction. [The] [p]laintiffs' argument is unconvincing, however, because courts generally award costs for this reason when a deponent is uncooperative or has failed to appear at a prior court proceeding. There must be, in other words, **an adequate reason as to why the attendance of a witness is uncertain.** *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) (holding that a party could recover for videotaped depositions of witnesses "whose live attendance at trial was uncertain or whose credibility was sharply disputed.").

But, in this case, [the] [p]laintiffs have not presented any compelling reason for the recovery of videotaped depositions. [The] [p]laintiffs merely present a blanket argument that **numerous deponents reside outside the Court's jurisdiction**. That is not an adequate reason – **by itself** – for the recovery of videotaped depositions. If [the] [p]laintiffs had contended, for example, that certain witnesses were uncooperative or failed to appear at prior depositions or court proceedings, then they would have a compelling argument that costs for videotaped depositions were necessary. *See, e.g., State Farm Fire & Cas. Co. v. King Sports, Inc.*, 841 F. Supp. 2d 1317, 1319 (N.D. Ga. 2012) (awarding costs for videotaped depositions because a deponent "was very uncooperative in communicating with State Farm, he failed to appear for one scheduled deposition, and he appeared late for another scheduled deposition.").

Instead, [the] [p]laintiffs seek to take a shortcut and avoid any specific explanation as to why there was a risk for witnesses to appear at trial. [the] [p]laintiffs fail to rely on any case that allows for the recovery of videotaped depositions with such a conclusory remark. And without an adequate reason that sets forth the necessity of these videotaped depositions and the risks that [the] [p]laintiffs incurred for specific witnesses, the Court has no reason to award [the] [p]laintiffs any costs for this expenditure.

*Id.* (emphasis added).

Here, Plaintiffs solely informed the Court that the video depositions were necessary because they were "dealing with out[-]of[-]state witnesses who [Plaintiffs] **could not count on appearing to testify live at trial**." [ECF No. 570, p. 5 (emphasis added)]. However, Plaintiffs fail to describe ***why*** they could not count on those out-of-state witnesses. Did these witnesses failed to appear at a previous deposition? Did they communicate something to Plaintiffs to make them feel insecure with regards to their appearance? Without any additional details, the Undersigned is not willing to accept Plaintiffs' wholly conclusory explanation as to why these videotaped deposition costs

were necessary. Therefore, the District Court should not award Plaintiffs the $9,222.50 for videotaped deposition costs.

*Audio Recording Transcripts*

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). Plaintiffs request $18,906.80 for costs related to transcripts of audio recordings. Of that amount, the Motion Defendants argue that Plaintiffs are not entitled to $10,763.82 because they failed to explain why the charges within that amount were necessary. [ECF No. 569, p. 14]. This contested amount originates from the following invoice:

| Description | Hrs/Qty | Rate | Fees |
|---|---|---|---|
| Period: 1/01/2022 - 1/31/2022 | | | |
| **Professional Services:** | | | |
| Chacon, James | 10.00 | 225.00 | 2,250.00 |
| Flores, JR | 6.00 | 225.00 | 1,350.00 |
| **Transcription Fees:** | | | |
| AWS Machine Transcription - January 2022 | 4,165.0 | 5.25 | 21,866.25 |
| **TOTAL AMOUNT DUE (USD)** | | | 25,466.25 |

**Bluegreen Vacations Break-Down:**

| | |
|---|---|
| Developer Specific | $1,944.69 |
| Split (unattributed) | $7,019.13 |
| Service fee | $1,800.00 |
| Total (each) | $10,763.82 |

[ECF No. 564-1, p. 96].

The Motion Defendants argue that Plaintiffs' "break-down" does not explain how the professional services or transcription fees were divided for Plaintiffs to reach $10,763.82 because, for example, half of the total amount due ($25,466.25) is $12,733.13.

Also, the "(each)" language from the bottom of Plaintiffs' "break-down" suggests that they split the cost with at least one other party.

The Undersigned is unconvinced by this argument because Plaintiffs sufficiently explained why these costs were necessary. *See Acosta v. Miami-Dade Cnty.*, No. 16-23241-CIV, 2022 WL 2657322, at *6 (S.D. Fla. May 20, 2022), *report and recommendation adopted sub nom. Montefu Acosta v. Miami Dade Cnty.*, No. 16-23241-CIV, 2022 WL 2235568 (S.D. Fla. June 22, 2022) (citing *W & O*, 213 F.3d at 620–21) ("[The] [d]efendants cannot recover the cost for the unidentified audio recording transcription without explaining why it was necessary to the case.").

The Motion Defendants cite *McKenzie v. Lindstrom Air Conditioning, Inc.*, No. 08-61378-CIV, 2010 WL 11505840, at *7 (S.D. Fla. Aug. 6, 2010) in stating that Plaintiffs failed to satisfy their "burden to set out with sufficient particularity the charges in the invoice, and the Court therefore cannot determine the reasonableness of the costs." [ECF No .590, p. 5]. In *McKenzie*, the Court denied the plaintiffs' request for deposition fees because they "only provided a list of itemized payments . . . without any supporting documentation." 2010 WL 11505840, at *7. Based on what was provided, the *McKenzie* Court could not determine whether the plaintiffs' request was necessary and reasonable.

However, the Undersigned *is* able to determine that these transcripts were necessary here because Plaintiffs provided a sufficient explanation. The invoice itself also provides enough information for the Undersigned to determine that the cost is reasonable

because it includes hourly rates, how many hours the task(s) took, and is less than half of the total amount listed. Additionally, Plaintiffs state that they had to transcribe **thousands** of the Motion Defendants' audio files. [ECF No. 570, p. 5]. Based on the amount of audio files that were transcribed, the hourly rates listed, the hours involved in completing the tasks, and Plaintiffs' explanation the Undersigned finds that this cost request is reasonable.

Plaintiffs are entitled to $10,763.82 in costs related to audio transcriptions. Therefore, the Undersigned **respectfully recommends** that the District Court award Plaintiffs **$48,665.02** (compared to $58,680.82) in transcript costs.

### D.      Fees for Witnesses

Plaintiffs also seek to recover $118.20 to secure the attendance of witness Angela Consalvo at trial. [ECF No. 564, p. 11]. The fee "includes the attendance fee and allowable mileage reimbursement, pursuant to 28 U.S.C. § 1821(b)-(c)." *Id.* "A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'" *Morrison*, 97 F.3d at 463 (*quoting* 28 U.S.C. §§ 1821(a)(1), 1821(b)).

The Motion Defendants do not object to Plaintiffs' request. [ECF No. 569, p. 16]. However, the Undersigned is still obligated to review and form an independent determination. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015)

("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers despite no challenge to the hourly rates by the opposing party).

Generally, a witness' travel costs are recoverable provided the party requesting travel costs supplies detailed documentation of the expenses incurred. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 651 (S.D. Fla. 2007). Although recoverable, taxation of these costs is limited by the parameters of 28 U.S.C. § 1821. Section 1821 permits the taxation of airfare by common carrier, mileage costs as prescribed by the Administrator of General Services, miscellaneous fees for tolls or taxicab fares between carrier terminals and places of lodging, and a subsistence allowance at the government rate for witnesses for whom an overnight stay is required. 28 U.S.C. § 1821(c)–(d).

Here, Plaintiffs include a breakdown of the requested witness fee:

| DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|
| Office/Report Time | 0.5 | 145.00 | 72.50 |
| Rush Fee- super rush- less than 24 hours if possible | 1 | 150.00 | 150.00 |
| Witness Fee | 1 | 118.20 | 118.20 |
| Witness Fee Advance Check | 1 | 5.00 | 5.00 |
| Person Served:          Angela Consalvo | 1 | 195.00 | 195.00 |

[ECF No. 564-1, p. 112].

The Undersigned finds that Plaintiffs are not entitled to the $118.20 requested because it is in excess of what is allowed under § 1821 and because there is no supporting documentation detailing the costs related to Ms. Consalvo's travel. "Section 1821 provides that '[a] witness shall be paid an attendance fee of $40 per day for each day's attendance' at deposition or trial." *Lopez v. Zoll Servs., LLC*, No. 21-CV-22433, 2024 WL 264142, at *3 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, No. 21-22433-CIV, 2024 WL 262698 (S.D. Fla. Jan. 24, 2024) (quoting 28 U.S.C. § 1821(2)(b)). The invoice merely lists the cost. Neither Plaintiffs' Motion, Christu's Declaration, nor the bill of costs provide any information or supporting documentation explaining how that number was reached and what it includes. The only information provided is that it includes "the attendance fee and allowable mileage reimbursement, pursuant to 28 U.S.C. § 1821(b)–(c)." [ECF No. 564, p. 11]. However, there are no documents, invoices or explanations detailing Ms. Consalvo's travel costs.

Without any supporting documentation or reasoning, Plaintiffs' award should be limited to $40.00.

III.    **Conclusion**

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Plaintiffs' bill of costs and award them **$50,145.02** in taxable costs ($400.00 for the filing fee; $1,040.00 for service of process; $48,665.02 in transcript costs; and $40.00 for witness fees).

IV.     **Objections**

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on May 8, 2024.

_____

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record