United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation, Plaintiffs,<br><br>v.<br><br>Timeshare Lawyers P.A., and others, Defendants. | Civil Action No. 20-24681-Civ-Scola |

### Order Adopting Magistrate Judge's Report And Recommendation

This cause comes before the Court on the Plaintiffs' motion for attorneys' fees and non-taxable costs against Defendants Pandora Marketing, LLC ("Pandora"), and its owners, Rich Folk and William Wilson (collectively, the "Marketing Defendants"). (Mot., ECF No. 572.) Pandora notified the Court that it filed for bankruptcy in the United States Bankruptcy Court for the District of Wyoming. (ECF No. 580.) Accordingly, pursuant to 11 U.S.C. § 362, this action has been stayed as to Pandora. The Plaintiffs' motion was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations (Court's Ref., ECF No. 573), and Judge Goodman recommended the Court grant in part and deny in part Plaintiffs' motion. (R. & R., ECF No. 593.) For the following reasons, the Court **affirms** and **adopts** Judge Goodman's report and recommendations. (**ECF No. 593.**) Accordingly, the Court **grants in part** and **denies in part** the Plaintiffs' motion, awarding the Plaintiffs $1,377,498.40 in attorneys' fees and $1,619.72 in non-taxable costs. (**ECF No. 572**.)

1. **Background**

Plaintiffs Bluegreen Vacations Unlimited, Inc. and Bluegreen Vacations Corporation (collectively, "Bluegreen")—entities who sold timeshare interests—brought this action against the Defendants for damages resulting from their participation in a scheme to induce Bluegreen timeshare owners to breach their timeshare contracts. Against the Marketing Defendants, Plaintiffs brought claims for false advertising in violation of the Lanham Act, tortious interference with contractual relations, civil conspiracy to commit tortious interference, and violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

Bluegreen and the Marketing Defendants submitted cross motions for summary judgment. (ECF Nos. 270, 276.) The Court denied the Marketing Defendants' motion in its entirety and granted in part Plaintiffs' motion. (ECF

No. 437.) The Court granted the Plaintiffs' motion for summary judgment on their tortious interference and injunctive relief claims under FDUTPA, and on the Marketing Defendants' affirmative defenses. (*Id.*) The parties proceeded to a non-jury trial, where Bluegreen prevailed on all claims. (ECF No. 561.)

Now, Bluegreen seeks fees and costs incurred in litigating its case against the Marketing Defendants. Plaintiff's motion for attorneys' fees and non-taxable costs was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (Court's Ref., ECF No. 573.) The Marketing Defendants responded opposing the motion (Resp., ECF No. 574), and the Plaintiffs replied. (Reply, ECF No. 577.) The Plaintiffs requested $1,721,873.00 in attorneys' fees and $34,967.53 in non-taxable costs under the Lanham Act and FDUTPA. (ECF Nos. 572, 577.)

Judge Goodman issued a report recommending the Court grant in part and deny in part the Plaintiffs' motion. (R. & R., ECF No. 593.) Specifically, Judge Goodman determined that Plaintiffs were entitled to attorneys' fees under the Lanham Act and entitled to fees and costs under FDUTPA. (*Id.*) However, Judge Goodman recommended the Court reduce the fee award to $1,377,498.40 and the cost award to $1,619.72. (*Id.*)

Defendants Folk and Wilson filed objections to Judge Goodman's report and recommendations. (ECF No. 596.) They objected to the determinations that (1) Plaintiffs are entitled to fees under the Lanham Act, (2) Plaintiffs are entitled to fees and costs under FDUTPA, and (3) Plaintiffs are entitled to $1,377,498.40 in attorneys' fees. (*Id.*) Neither the Defendants nor the Plaintiffs objected to Judge Goodman's determination that Plaintiffs are owed only $1,619.72 in non-taxable costs. (*See id.*) Bluegreen responded to the Defendants' objections. (ECF No. 597.)

## 2. Legal Standard

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

## 3. Analysis

### A. Bluegreen is entitled to attorneys' fees under the Lanham Act.

First, Defendants Folk and Wilson assert that Plaintiffs are not entitled to fees under the Lanham Act. The Court disagrees. The Defendants object on two bases: that this is not an "exceptional case" that would warrant fees under the Lanham Act and that the R&R failed to consider Plaintiffs' unreasonable litigation positions and tactics. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In determining whether a case is exceptional under the Lanham Act, the Court applies the standard set forth by the United States Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). *See Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018). Under that standard, an exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position" or "the unreasonable manner in which the case was litigated." *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 846 F. App'x 772, 775 (11th Cir. 2021) (citing *Octane Fitness*, 572 U.S. at 554). A district court has the discretion to determine whether a case is exceptional, on a case-by-case basis considering the totality of the circumstances. *Id.* Some courts have awarded fees when a claim was found to be objectively baseless. *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV, 2019 WL 7790856, at *3 (S.D. Fla. Oct. 17, 2019) (cleaned up). Other courts have awarded fees where a party made "extremely weak arguments". *Id.* (cleaned up).

The Marketing Defendants are correct that a case is not exceptional "merely because one party wins and another loses." (*See* ECF No. 596.) However, the Marketing Defendants' repeated losses throughout the course of this litigation *resulted* from their extremely weak arguments. For example, the Court granted summary judgment in favor of Bluegreen on the Marketing Defendants' first and second affirmative defenses because the defenses asserted that "they were privileged to interfere with the timeshare owners' contracts because they were acting as their agents", despite the Marketing Defendants' own agreements expressly disclaiming the existence of any agency relationship. (ECF No. 437 at 31.) Similarly, the Marketing Defendants failed to point to any evidence to support the existence of an agency relationship. (*Id.*) This is but one example of the unsupported and unsubstantiated arguments advanced by the Marketing Defendants; the R&R is replete with evidence of the Marketing Defendants' weak positions and unreasonable strategy throughout this case. (ECF No. 593 at 6-8.) Specifically, Judge Goodman underscored that the Court—throughout various stages of the litigation—concluded that the Marketing Defendants "engaged in significant misconduct", "raised unsupported arguments", and "made arguments that were largely 'irrelevant' and 'absent any concrete evidence.'" (*Id.*) The Marketing Defendants also failed to challenge that they

raised affirmative defenses at trial "*despite* the Court's [prior] ruling against them." (*Id.*) Thus, the Court agrees with Judge Goodman that the substantive weakness of the Marketing Defendants' position and the unreasonable manner in which they have litigated makes this case exceptional, warranting a fee award under the Lanham Act.

The Marketing Defendants next argue that even if the Court concludes this case is "exceptional", it "may still exercise its discretion and decline to award fees in an exceptional case." (ECF No. 596 at 5) (citing *Dieter v. B&H Industries of Southwest Florida Inc.*, 880 F. 2d 322, 329 (11th Cir. 1989)). They urge the Court to "consider *Plaintiffs'* unreasonable litigation tactics and positions and *Plaintiffs'* misconduct, exercise its discretion, and decline to award attorneys' fees to Plaintiffs under the Lanham Act." (*Id.* at 6) (emphasis in original). However, simply because the Court did not award Bluegreen the full damages requested and because the Court concluded that Bluegreen is not itself blameless does not absolve the Marketing Defendants of their own misconduct, perpetual weak arguments, and unreasonable litigation strategy. As Bluegreen points out, "[t]his case is about the *Marketing Defendants'* misconduct, for which they have been found liable." (ECF No. 597 at 5) (emphasis in original). In fact, the Marketing Defendants did not object to the R&R's conclusion that the Plaintiffs are the prevailing party. (*See* ECF No. 596.) Further, even considering the Plaintiffs' own misconduct, the totality of the circumstances nevertheless supports a finding that "this case satisfies both *Octane Fitness* factors and thereby gains exceptional-case status." (*See* ECF No. 593 at 11.) Given the Marketing Defendants' unsupported arguments, weak positions throughout this litigation, and significant misconduct, the Court will not exercise its discretion to decline a fee award in this exceptional case.

### B. The Court exercises its discretion to award Bluegreen fees and costs under FDUTPA.

Next, Defendants Folk and Wilson object to Judge Goodman's conclusion that Plaintiffs are entitled to fees and costs under FDUTPA. "Once a trial court has determined that a party is a prevailing party under FDUTPA, it then has discretion to award attorney's fees and costs after considering various equitable factors, including:

> (1) the scope and history of the litigation;
> (2) the ability of the opposing party to satisfy an award of fees;
> (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;
(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;
(6) whether the defense raised a defense mainly to frustrate or stall;
(7) whether the claim brought was to resolve a significant legal question under FDUTPA law."

*Chow v. Chak Yam Chau*, 640 F. App'x 834, 838-39 (11th Cir. 2015) (citing *Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 971–72 (Fla. Dist. Ct. App. 2007)). The factors are one that a court "might" consider, and the list is non-exhaustive. *Humane Soc. of Broward Cnty.*, 951 So. 2d at 971. Defendants Folk and Wilson do not object to the determination that Bluegreen is the prevailing party or to the standard applied in the R&R; rather, they solely object to Judge Goodman's analysis under factors 1, 2, 4, 6, and 7. (*See* ECF No. 596 at 7-11.)

Factor one, the scope and history of the litigation, largely mirrors the *Octane Fitness* analysis. *See Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *5 (S.D. Fla. Dec. 17, 2020), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021). As discussed *supra*, the Court finds that fees are warranted under the *Octane Fitness* standard. The Defendants assert that "[t]he R&R essentially holds that Defendants should not have defended against the FDUTPA cause of action and should have simply conceded the claim. That is not the law, and the R&R should not have concluded that this factor weighs in favor of awarding fees." (*Id.* at 7.) They misstate the R&R's analysis. Instead, the R&R concludes that the Marketing Defendants "engaged in significant misconduct and pursued an exceptionally weak case that they knew or should have known was unlikely to succeed." (ECF No. 593 at 15.) The Court agrees. As recognized in the Court's order on the parties' cross motions for summary judgment, "Defendants' entire business model is based on offering a service—*i.e.*, legal cancellation of timeshare contracts—they do not actually provide." (ECF No. 437 at 24.) The first factor supports an award of fees and costs under FDUTPA.

The second factor, the ability of the opposing party to pay, also supports an award of fees. Defendants Folk and Wilson contend that they are unable to pay attorneys' fees because they spent the money they received from Bluegreen owners on operating costs and defending this litigation and other litigation. (ECF No. 574 at 9-10.) However, as Judge Goodman noted, the Court found that the Marketing Defendants' representations of profits and losses are unreliable. (ECF No. 593 at 16) (citing ECF No. 561 at 29, 38.) Further, the

Marketing Defendants do not detail how much they have spent on operating costs or the various litigations; nor do they provide any support for their contention that they cannot satisfy a fee award. (*See* ECF Nos. 574, 596.) In contrast, the evidence at trial illustrated that the Marketing Defendants received $1,558,958.62 from Bluegreen owners, which accounted for "less than eight percent" of their total sales. (*Id.*) Therefore, the Court finds that, even with other costs and expenses, the Marketing Defendants are able to satisfy an award of fees. However, even if the Court had found that the Marketing Defendants could not satisfy a fee award, it would not preclude the Court from exercising its discretion to award the Plaintiffs fees and costs. *See Massive Transit Transp., LLC v. Atl. Coast Auto., Inc.*, No. 23-61321, 2024 WL 693061, at *3 (S.D. Fla. Jan. 31, 2024) (Augustin-Birch, Mag. J.), *report and recommendation adopted*, No. 23-61321, 2024 WL 691425 (S.D. Fla. Feb. 20, 2024) (awarding fees under FDUTPA when three factors, not including the defendant's ability to pay, supported a fee award).

Crucially, the Marketing Defendants do not object to Judge Goodman's conclusion that the third factor—whether an award of fees against the opposing party would deter others from acting in similar circumstances—supports an award of fees. (*See* ECF No. 596.) The R&R, citing the Verdict in this case, noted that the timeshare exit industry "further victimizes timeshare owners by 'charg[ing] the owners thousands of dollars and us[ing] false and misleading tactics to tortiously induce [owners] to breach their contracts with the timeshare companies, thus exposing them to damaged credit.'" (ECF No. 593) (citing ECF No. 561 at 1.) Therefore, the third factor supports a fee award to discourage others from engaging in similar unlawful behavior.

The Defendants object to the R&R's analysis of factor four, the merits of the parties' respective positions, arguing again that Judge Goodman incorrectly determined that their litigation position was extremely weak under *Octane Fitness*. As already repeatedly explained, the Court disagrees with the Marketing Defendants that this case does not meet the *Octane Fitness* standard for fees.

The Court also disagrees with the Marketing Defendants challenge to factor six: whether the defense raised a defense mainly to frustrate or stall. Bluegreen alleges that this factor supports a fee award because the Marketing Defendants raised affirmative defenses at trial that the Court had already struck down on summary judgment. (*See* ECF Nos. 572, 574.) In defense, the Marketing Defendants argue that "[p]arties often raise previously-rejected claims or defenses at trial in order to preserve the record for a potential appeal." (*Id.*) Considered in a vacuum, Defendants' use of previously-rejected defenses may not evince an intention to frustrate or stall. However, the Court

considers the substance of the defenses and the reasons the Court rejected them. For example, as detailed *supra*, the Marketing Defendants' first and second affirmative defenses asserted that "they were privileged to interfere with the timeshare owners' contracts because they were acting as their agents", despite the Marketing Defendants' own agreements expressly disclaiming the existence of any agency relationship. (*See* ECF No. 437 at 31.) Further, the Marketing Defendants' sixth and seventh were stricken for clear misstatements of the law. (*See* ECF No. 123 at 7) ("The Sixth and Seventh Affirmative Defenses argue that Folk and Wilson are immune from liability because their actions 'inure' to the entity defendants. But this is legally incorrect."); (*Id.* at 9) ("Defendants' argument incorrectly asserts that the individual cannot ever be liable because the conduct is subsumed within the entity (i.e., it "inured" to the entity). The law is to the contrary.") Given the substance of the defenses, and the reasons the Court rejected them, the Court finds that raising such defenses again at trial supports an award of fees under factor six.[1]

The Marketing Defendants also object to the R&R's conclusion that the seventh factor supports a fee award. (ECF No. 596 at 10.) Judge Goodman determined that, in resolving "confusion in the case law as to the extraterritorial application of FDUTPA…this case **did** resolve a significant legal question regarding the nationwide application of FDUTPA." (ECF No. 593 at 22) (emphasis in original). However, the Marketing Defendants assert that the Court did not "resolve" the uncertainty, but rather "acknowledged the fact that Florida court decisions are inconsistent on the issue and chose to follow a string of cases" including *Barnext Offshore, Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869-CIV, 2012 WL 1570057, at *5 (S.D. Fla. May 2, 2012) (Altonaga, J.). (ECF No. 596 at 11.) The seventh factor does not demand the creation of *new* law; rather it merely asks whether the case "advance[s] FDUTPA law in any significant way." *See Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *6 (S.D. Fla. Dec. 17, 2020) (Reid, Mag. J.), *report and recommendation adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021). The Court holds that the decision to follow *Barnext*, despite Florida law's uncertainty as to whether FDUTPA applies for out-of-state consumers when the conduct did not occur entirely in Florida, qualifies as advancing FDUTPA law. Nevertheless, a finding of neutrality with respect to the seventh factor would not preclude a fee and cost award under FDUTPA. *See,*

---

[1] The Court also agrees with Judge Goodman's conclusion that "the Marketing Defendants waived any potential objection to Bluegreen's contention that, during trial, the Marketing Defendants raised affirmative defenses which the Court had *already* considered and rejected." (ECF No. 593 at 21.)

*e.g., Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *10 (S.D. Fla. Mar. 5, 2021) (Becerra, Mag. J.), *report and recommendation adopted*, No. 15-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) (awarding fees despite the Court's finding that the seventh factor does not weigh in favor of either party); *Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-81501-CV, 2022 WL 1537757, at *10 (S.D. Fla. May 12, 2022) (Matthewman, Mag. J.) (same); *Massive Transit Transp.*, 2024 WL 693061, at *3 (same). Because the Court agrees with Judge Goodman that all applicable factors weigh in Bluegreen's favor, the Court finds that Bluegreen is entitled to fees and costs under FDUTPA.

### C. Amount of fees

Finally, Defendants Folk and Wilson object to the amount of fees recommended by Judge Goodman: $1,377,498.40. Bluegreen initially requested $1,747,964.50 in fees, which they later reduced to $1,721,873.00 after the Defendants noted several billing discrepancies. (*See* ECF No. 577.) Judge Goodman's recommendation of approximately $1.37 million resulted from a twenty-percent reduction in fees due to impermissible block billing and billing errors or redundancies. (ECF No. 593 at 44.) "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (cleaned up). The Defendants assert that the Court "should adopt this portion of the R&R" relating to "improper block billing and erroneous time entries". (ECF No. 596 at 11-12.) However, they argue "a further reduction of the requested fees is proper because Plaintiffs received only a fraction of the initial amount they sought." (*Id.* at 12.) In support, the Defendants cite *Marjam Supply*, 2021 WL 1200422, at *21, where the Court reduced the prevailing party's fee award because the recovery "was only a portion of what was sought" at trial. However, in *Marjam Supply*, the Court determined that a twenty-percent reduction sufficed to account for both "the high number of lawyers and firms involved and the size of the recovery as compared to what sough[t] at trial." *Id.* Therefore, here too, a twenty-percent reduction in fees requested suffices to account for billing redundancies and for the size of recovery compared to what Plaintiffs sought. Further, as Judge Goodman noted, the Defendants fail to properly take into consideration the value of the permanent injunction. *See Carnival Corp. v. McCall*, No. 18-24588-CIV, 2021 WL 2338647, at *8 (S.D. Fla. Apr. 26, 2021), *report and recommendation adopted*, No. 18-CV-24588, 2021 WL 2333102 (S.D. Fla. June 8, 2021) (noting the value of injunctive relief when considering the proportion of the fee request to the relief

obtained). Finally, the Defendants argue, without support, that the Plaintiffs' withdrawal of their request for monetary damages (*see* ECF No. 438) entitles them to a further reduction in fees. (ECF No. 596.) However, the Defendants fail to cite any case law and fail to identify problematic billing entries solely related to Plaintiffs' request for monetary damages. The Court finds that the twenty-percent reduction in fees, amounting to a reduction of nearly $350,000, suffices to account for excessive block billing, Plaintiffs' recovery compared to relief sought, and time spent solely on the issue of monetary damages.

### 4. Conclusion

The Court therefore **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 593**.) Accordingly, the Court **grants in part and denies in part** the Plaintiffs' **motion**, awarding the Plaintiffs $1,377,498.40 in attorneys' fees and $1,619.72 in non-taxable costs. (**ECF No. 572**.)

**Done and ordered** in Miami, Florida, on September 25, 2024.

_____
Robert N. Scola, Jr.
United States District Judge